J-E01007-20

2020 PA Super 163

| | |
|---|---|
| COMMONWEALY OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RON LARKIN | |
| Appellant | No. 2761 EDA 2018 |

Appeal from the PCRA Order entered August 20, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0016013-2010,
CP-51-CR-0016014-2010

BEFORE:  PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

CONCURRING OPINION BY STABILE, J.:                    Filed: July 9, 2020

I concur fully in the Majority's opinion both as to its interpretation of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), as applied to this appeal, and in its conclusion that Appellant is not entitled to relief on the merits of his PCRA claim.  I write separately to express my view that the harsh quashal required due to technical noncompliance with Pa.R.A.P. 341(a) and ***Walker***, is not necessary, as our court rules provide a remedy to address this variety of rule noncompliance.

Pennsylvania Rule of Appellate Procedure 902   provides:

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). **Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the**

**validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.**

Pa.R.A.P. 902 (emphasis added). So long as a litigant timely perfects an appeal, Rule 902 allows an appellate court to take any appropriate action, including remand, to allow a party to correct any procedural misstep in a notice of appeal, excluding of course any defect relating to timeliness. ***See also*** Pa.R.A.P. 105(b) (appellate court may, for good cause shown, enlarge time prescribed under rules, except for time in which notice of appeal may be filed). A single notice of appeal referencing more than one docket number in violation of ***Walker*** presents a procedural misstep that easily can be remedied. A single appeal notice containing more than one court docket easily can be segregated into separate notices for each docket while the filing date of the original notice of appeal is preserved. This remedy is not without precedent when there is ***Walker*** noncompliance.

In ***Commonwealth v. Williams***, 106 A.3d 583 (Pa. 2014), our Supreme Court was presented with the question whether the Commonwealth timely filed its notice of appeal with the Philadelphia County Clerk of Courts. On December 30, 2013, the trial court granted appellee PCRA relief in the nature of a new trial. Thirty days later, on January 29, 2014, the Commonwealth filed a notice of appeal. The Clerk refrained from time-stamping the notice on that date. Instead, the following day, the Clerk

informed the Commonwealth that the notice was defective because it was missing two docket numbers and/or the Clerk's office preferred a separate notice for each of the three docket numbers contained therein. The Commonwealth filed an amended appeal notice that was time-stamped January 30, 2014, thirty-one days after the order granting PCRA relief. Appellee moved to quash the appeal as untimely. The Supreme Court directed the parties to brief whether the Clerk should have accepted the Commonwealth's timely but defective appeal notice filed on January 29, 2014.

The Court prefaced its discussion recognizing that the timeliness of an appeal and compliance with statutory provisions relating to appeal rights implicate an appellate court's jurisdiction and its competency to act. *Id.* at 587. Absent extraordinary circumstances, the time to appeal may not be enlarged. *Id.* (citing Pa.R.A.P. 105). Nonetheless, the Court concluded the Commonwealth's appeal notice was timely, because Pa.R.A.P. 902 provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" *Id.* (alterations in original). Furthermore, the Note to Rule 902 provides that the Rule "eliminates the trap of failure to perfect an appeal by making timely notices of appeal self-perfecting." *Id.* (citation and internal quotation marks omitted). Thus, an appellant need only file a notice of appeal with the lower court clerk within the applicable time to trigger the jurisdiction of the

appellate court, notwithstanding whether the appeal notice is otherwise defective. *Id.* In the event of a defective notice, Rule 902 encourages, though it does not require, appellate courts to remand the matter to the lower court so that the procedural defect may be remedied. *Id.* at 587-88. The Rule creates a preference for correcting procedurally defective, albeit timely, appeal notices so that appellate courts may reach the merits of timely appeals. *Id.* at 588. Where an appellant fails to take the necessary steps to correct and identify a defect, dismissal of a defective appeal remains a viable alternative. *Id.* The Court held that the Commonwealth's defective notice filed on January 29, 2014 perfected the Commonwealth's appeal, that Rule 902 allowed for correction of defects in the appeal notice, and that a clerk of courts lacks the authority to reject, as defective, a timely notice of appeal. The power wielded by a clerk of courts, like those of a prothonotary, are purely ministerial in nature. *Id.* The Court also rejected the suggestion that the nature of the notice defect be considered before deciding quashal. The nature of a defect is of no consequence, as Rule 902 pertains to the failure of an appellant to take "any step" other than the timely filing of an appeal notice. *Id.* At 590.

Although *Walker* had not been decided at the time *Williams* issued, it is clear that the procedural defect in *Walker* was the same defect that existed in *Williams*: the failure to file a separate notice of appeal from each docket number. In light of *Williams* and the plain language of Rule 902, I now reach

the conclusion that it has been and is unnecessary to dismiss appeal notices with **Walker** defects where a timely appeal can be preserved and the defect remedied through a simple remand.[1] We cannot forget that our rules are to be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable. Pa.R.A.P. 105(a). Every Commonwealth citizen has a state constitutional right to an appeal. Pa. Const. art. 5, § 9.[2] This right should not and cannot be lost through technical traps in our rules.

Since the advent of **Walker** in 2018, this Court has witnessed the unfortunate dismissal and quashal of countless appeals due to **Walker** technical violations. Parties have lost their day in court and cases have not been heard on their merits. In defense, this jurist can well appreciate the necessity found by our Supreme Court in drawing a bright line rule to force compliance with Pa.R.A.P. 341. Too often the work of our Court, and others, is stymied by counsel's nonchalant noncompliance with our rules and the

---

[1] The applicability of Pa.R.A.P. 902 was not raised in **Walker**.

[2] Article 5, Section 9 of the Pennsylvania Constitution provides in full:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

expectation that the courts will remedy these failures and complete counsel's work. I hasten to add that this is not the general practice, as we routinely witness excellent advocacy and genuine zealous representation by counsel on behalf of clients. Nonetheless, the failure to comply with rules designed to efficiently move cases through our court system happens often enough that the ability to decide cases promptly is delayed, so it is understandable our Supreme Court must from time to time take steps to force compliance. *Walker* however, many times presents a different situation, since Rule 341, on its face, does not adequately clue counsel in to its procedural nuance when multiple appeal notices must be filed. This problem is exacerbated by trial courts that advise litigants that they may file "a" notice of appeal from a court order that addresses multiple dockets. *See Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019) (appeal not quashed when appellant acted in accord with trial court instruction). Irony enters the picture in our own Court when we receive multiple appeal notices from the same appellant, but each is filed separately for each appealed docket in accord with Rule 341 and *Walker*. We will often times , *sua sponte*, consolidate these multiple appeal notices, thus putting the parties and Court back in the same position as if a single notice of appeal was filed containing multiple docket entries, which if filed by an appellant, would violate Rule 341 and Walker.

I am aware that in *Walker*, our Supreme Court expressed its concern that when multiple dockets are combined under a single appeal notice, it is

- 6 -

problematic for a court to go behind an appeal notice to determine if the same facts and issues apply to all parties. The legal issues may be different. While the point certainly is well-taken, it also is the case that clarification on parties and issues is vetted through docketing statement review and the briefs of the parties. It also is not uncommon in consolidated cases for a court to discuss applicable law and then separately apply those principles to each case within a decision identified by each docket number. No one size fits all and therefore, by necessity, our rules must leave appropriate discretion to address these issues to case administration. However, citizens should not lose their constitutionally protected appeal rights where technical noncompliance can be corrected without affecting a court's jurisdiction to hear a matter.

For the foregoing reasons, I concur fully in the Majority's opinion, but offer the suggestion that our rules be utilized fully to remedy technical defects when allowed.

Judges Dubow, King and McCaffery join the Concurring Opinion.