J-S52015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADRIAN KHILLAWAN | : | |
| | : | |
| Appellant | : | No. 2601 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2019
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-CR-0000007-2018,
CP-52-CR-0000376-2017

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED:  MARCH 19, 2021**

Appellant, Adrian Khillawan, filed a single notice of appeal from his June 25, 2019 judgment of sentence involving two separate lower court docket numbers. This Court issued a rule to show cause why the appeal should not be quashed pursuant to **Commonwealth v. Walker,** 185 A.3d 969 (Pa. 2018), which adopted a prospective bright-line rule requiring separate notices of appeal to be filed from a single order resolving issues arising on more than one lower court docket. We are constrained to quash the appeal.

The two matters underlying this appeal stem from two separate incidents, one on June 22, 2017 and a second one on November 2, 2017. Both incidents involved encounters between Appellant and his neighbors. Following

_____

[*] Former Justice specially assigned to the Superior Court.

the incident on June 22, Appellant was charged with, *inter alia*, two counts each of terroristic threats, disorderly conduct and harassment at docket number CR-376-2017. Following the second incident on November 2, Appellant was charged with, *inter alia*, tampering with physical evidence and false reports to law enforcement at docket number CR-007-2018.

The two matters were tried together at a non-jury trial on May 21, 2019. Appellant was found guilty of two counts each of terroristic threats, disorderly conduct and harassment at docket number CR-376-2017. He was also found guilty of tampering with physical evidence and false reports to law enforcement at docket number CR-007-2018. On June 25, 2019, following a hearing, the trial court sentenced Appellant to an aggregate term of 34-80 months' imprisonment for the counts at both docket numbers. The June 25, 2019 order recording Appellant's judgment of sentence listed both the CR-376-2017 and the CR-007-2018 docket numbers in the caption.

Appellant did not file a post-sentence motion. Appellant did, however, file a timely, single notice of appeal on July 22, 2019. That notice of appeal listed both docket number CR-376-2017 and docket number CR-007-2018 in the caption. After filing the notice of appeal, Appellant's counsel filed an application to withdraw from representation and he was ultimately permitted to withdraw. New counsel was appointed.

Appointed counsel eventually filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In response, the trial court issued a Pa.R.A.P.

1925(a) opinion. In the opinion, the trial court thoroughly addressed each one of the issues Appellant raised in his Pa.R.A.P. 1925(b) statement and concluded that each issue lacked merit.

This Court, meanwhile, issued a rule to show cause why the appeal should not be quashed pursuant to **Walker**. In response, Appellant's counsel acknowledged that the single notice of appeal filed by previous counsel had listed both lower court docket numbers in the caption. Counsel essentially argued, however, that this Court should refuse to quash the appeal in the interests of judicial economy and justice. This Court subsequently issued an order discharging the rule-to-show-cause order and referring the matter to this panel.

Appellant briefly revisits the **Walker** issue in his appellate brief. He once again argues that notwithstanding the fact that the notice of appeal was defective under **Walker**, this Court should not quash his appeal in the interests of judicial economy and justice. **See** Appellant's Brief at 30. Given the plain language of **Walker**, we cannot agree.

In **Walker**, our Supreme Court held that Pa.R.A.P. 341(a) and its Official Note require that a defendant file a separate notice of appeal for each docket number when the defendant appeals a single order resolving issues arising on more than one lower court docket. **See Walker**, 185 A.3d at 977. The Court then held that, in future cases, "failure to do so will result in quashal of the appeal." **Id**.

Appellant admittedly failed to comply with **Walker**. Instead, he filed a single notice of appeal that contained both docket number CR-376-2017 and docket number CR-007-2018 in the caption. **Walker** made clear that when a defendant fails to file separate notices of appeal in these circumstances, the appeal must be quashed. **See id**. **Walker** does not, contrary to what Appellant suggests, make any kind of exception to this mandate based on the general interests of judicial economy and justice.

This Court, however, has declined to quash a single notice of appeal listing multiple docket numbers when there has been a breakdown in court operations. To that end, we declined to quash the appeal in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019). We reasoned that although the *pro se* appellant had filed a single notice of appeal listing two docket numbers, quashal was not proper because the lower court had advised the appellant that he could pursue appellate review by filing a single notice of appeal. **See id.** at 159. Likewise, in **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*), this Court did not quash the appellant's *pro se* notice of appeal despite its noncompliance with **Walker** when the appellant had been advised by the lower court that he had 30 days to file "an appeal."

Appellant does not argue that he or his attorney who filed the notice of appeal on his behalf were similarly misled or misinformed about Appellant's appellate rights, and the record does not disclose any such breakdown in court

operations. At sentencing, the trial court informed Appellant of his appellate rights. Unlike in **Stansbury** or **Larkin**, the trial court did not indicate that only a single notice of appeal had to be filed in Appellant's case in order to preserve his appellate rights. Rather, the trial court specifically advised Appellant that he had the right "to appeal" to this Court. N.T. Sentencing Hearing, 6/25/19, at 25.

Appellant did so, but only filed a single notice of appeal listing both docket numbers implicated in the judgment of sentence order Appellant sought to appeal. **Walker** required him to file a separate notice of appeal at each docket number, and under the clear dictates of **Walker**, Appellant's failure to do so compels us to quash his appeal. **See Walker** 185 A.3d at 977.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/21