J-S04004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DMITRIY V. LITVINOV | : | |
| | : | |
| Appellant | : | No. 737 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001159-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DMITRIY V. LITVINOV | : | |
| | : | |
| Appellant | : | No. 738 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001161-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DMITRIY V. LITVINOV | : | |
| | : | |
| Appellant | : | No. 739 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001163-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |

|  | : |  |
|---|---|---|
| v. | : | |
|  | : | |
|  | : | |
| DMITRIY V. LITVINOV | : | |
|  | : | |
| Appellant | : | No. 740 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001164-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : | |
| v. | : | |
|  | : | |
|  | : | |
| DMITRIY V. LITVINOV | : | |
|  | : | |
| Appellant | : | No. 741 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000364-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : | |
| v. | : | |
|  | : | |
|  | : | |
| DIMITRIY V. LITVINOV | : | |
|  | : | |
| Appellant | : | No. 742 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001158-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : | |
| v. | : | |
|  | : | |
|  | : | |

DMITRIY V. LITVINOV          :
                            :
          Appellant        :     No. 760 MDA 2020

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000462-2010

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :
          v.                :
                            :
                            :
                            :
DMITRIY V. LITVINOV          :
                            :
          Appellant        :     No. 761 MDA 2020

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000464-2010

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :
          v.                :
                            :
                            :
                            :
DMITRIY V. LITVINOV          :
                            :
          Appellant        :     No. 762 MDA 2020

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001090-2010

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :
          v.                :
                            :
                            :
                            :
DMITRIY V. LITVINOV          :
                            :
          Appellant        :     No. 763 MDA 2020

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001139-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DMITRIY V. LITVINOV | : | |
| | : | |
| Appellant | : | No. 764 MDA 2020 |

Appeal from the Judgment of Sentence Entered November 26, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001157-2010

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                          **FILED APRIL 27, 2021**

Appellant, Dmitriy V. Litvinov, appeals from the judgment of sentence entered on November 26, 2019 following resentencing, as made final by the order entered on April 23, 2020 disposing of post-sentence motions.  We affirm.

The trial court summarized the facts and relevant procedural history of this case as follows:

> Beginning in January of 2010, [Appellant] and his accomplices began a spree of, among other things: burglary, armed robbery, and kidnapping. Through March of the same year, [Appellant] robbed numerous individual persons and establishments [in Centre County, Pennsylvania].  In carrying out several of these crimes, [Appellant] brandished firearms - including a stolen WASR-10 - AK style assault rifle. In several instances, [Appellant] and his accomplices physically assaulted victims and threatened their lives at gunpoint.  When [Appellant] and his accomplices were finally apprehended, the Commonwealth charged

[Appellant] with numerous crimes, including [r]obbery, [k]idnapping, and [c]riminal [m]ischief. [Appellant] was sentenced to several mandatory minimum sentences which were legally permissible when imposed [] in 2010. Following the United States Supreme Court's holding in *Alleyne v. U.S.*, 570 U.S. 99 (2013), those mandatory minimum sentences were deemed to be unlawful. [Appellant] was subsequently resentenced by [the trial court] in November of 2019, for an aggregate sentence [] of twenty-eight (28) to fifty-six (56) years [of imprisonment]. Importantly, [Appellant] was also issued a [f]inal [r]emoval [o]rder dated February 23, 2013 [directing deportation] following [Appellant's] original sentencing.

Trial Court Opinion, 4/23/2020, at 2.

The trial court resentenced Appellant on November 26, 2019. Appellant filed a post-sentence motion on December 4, 2019. Following the grant of an extension, the trial court denied relief by order and opinion dated April 23, 2020. These timely appeals resulted.[1]

_____

[1] On May 15, 2020, Appellant filed 11 notices of appeal, each bearing, in its caption, the 12 trial court docket numbers at which the Commonwealth filed the original charges in this case. Upon review of each individual certified record, a different docket number is check-marked on each corresponding notice of appeal. It does not appear, however, that a notice of appeal was included within the certified record of the twelfth case, trial court docket no. CP-14-CR-1162-2010. The last recorded entry which appears on that trial court docket is the order denying Appellant's post-sentence motion. Our Supreme Court "in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) […] held that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve more than one trial court docket [as] indicated in the Note to Pa.R.A.P. 341." *Commonwealth v. Stansbury*, 219 A.3d 157, 159 (Pa. Super. 2019), *appeal denied*, 235 A.3d 1073 (Pa. 2020). In *Stansbury*, however, this Court declined to quash an appeal in which the appellant's notice listed two docket numbers where the trial court misinformed Stansbury that he could perfect appellate jurisdiction by filing a single notice of appeal. We determined that the trial court's failure to properly advise Stansbury of his appellate rights amounted to a "breakdown in the court system," and,

On appeal, Appellant presents the following issues[2] for our review:

I.     Whether the trial court abused its discretion in accepting or potentially accepting, in whole or in part, the prosecution's legally incorrect, unsubstantiated, and speculative claim that the final order of removal, *i.e.*, deportation order, to the country of Kazakhstan that was issued by an administrative law judge from the United States Immigration Court due to [Appellant's] multiple convictions for "aggravated felonies" might possibly be disregarded by the birth country and[,] as such, there remained a strong "need for confinement that is consistent with the protection of the public" such that the [trial] court lacked both sufficient and accurate information necessary to impose its global sentence?

II.    Whether the trial court [improperly disregarded the explicit statutory commands at 42 Pa.C.S.A. § 9721(b) and committed legal error by imposing a sentence which focused exclusively upon the "need for confinement that is consistent with the protection of the public" where the issuance of a final deportation order against Appellant substantially diminished the need to consider that sentencing factor]?

Appellant's Brief at 4 (superfluous capitalization omitted).

_____

therefore, excused his failure to comply with **Walker**.  **See Stansbury**, 219 A.3d at 160; **see also Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*).   Similarly, here, at resentencing, the trial court misinformed Appellant that he could file a single notice of appeal.  **See** N.T., 11/26/2019, at 45.   Thus, we excuse Appellant's non-compliance with **Walker**.   On July 16, 2020, this Court granted Appellant's motion to consolidate the appeals.  Finally, we note our review is not hampered because the certified record for trial court docket no. CP-14-CR-1162-2010 lacks a notice of appeal.  As discussed, Appellant's claims do not focus upon trial court docket no. CP-14-CR-1162-2010 and, instead, challenges the factors relied upon by the trial court in imposing his overall aggregate sentence.  Thus, the certified record contains all of the materials, including the transcripts and exhibits from the resentencing hearing, the parties' briefs on the issue, as well as the trial court's opinions, needed to conduct a proper review of Appellant's overarching appellate claim.

[2] Although presented as two appellate issues, Appellant's claims are inter-related and we will examine them together.

Appellant contends, "the [r]e-[s]entencing [c]ourt did not place sufficient emphasis on the reality that [Appellant] will someday be deported and inevitably returned to [his home country,] Kazakhstan[,] because, as a non-citizen [of the United States], he was convicted of several "[c]rimes [o]f [v]iolence" and multiple "[a]ggravated [f]elonies" as defined by federal law[.]" Appellant's Brief at 18. Appellant contends that the trial court impermissibly relied upon the Commonwealth's suggestion that Appellant may not be deported despite a removal order dated February 23, 2013, which was presented to the trial court at resentencing. *Id.* at 23. Appellant claims that "if, after being paroled, [Appellant] were ever found to be in the United States, it would be mandatory that he serve his remaining sentence" in a Pennsylvania prison. *Id.* at 33. As such, Appellant argues:

> The required balancing between the three main Section 9721(b) [sentencing] factors necessarily must change, mathematically speaking, whenever a [d]efendant is subject to a non-waivable mandatory [d]eportation [o]rder such as [Appellant,] the need for "public protection" is effectively nullified when the person being sentenced will be exiled as soon as he is paroled. This singular fact should have resulted in a different sentencing scheme being utilized by the [r]e-[s]entencing [c]ourt.

*Id.* at 24.[3]

It is well-established that:

_____

[3] While Appellant objects that his overall, aggregate sentence is excessive, this Court notes that Appellant does not explicitly challenge the consecutive nature of his sentences.

- 7 -

The right to appeal the discretionary aspects of a sentence is not absolute. To determine whether an appellant has properly preserved the discretionary aspects of sentencing for appellate review, we must conduct the following four[-]part analysis: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the [s]entencing [c]ode or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Derrickson***, 242 A.3d 667, 679 (Pa. Super. 2020).

Here, Appellant filed a timely post-sentence motion and notice of appeal which preserved the sentencing issue raised above. In addition, Appellant's brief complies with our rules. Furthermore, we have previously determined:

an averment that the [trial court imposed a sentence] based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question and an allegation that the court considered an impermissible sentencing factor raises a substantial question. Moreover, a claim that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [an a]ppellant, as 42 Pa.C.S.A. § 9721(b) requires, presents a substantial question for our review.

***Id.*** at 680 (internal citations, quotations, and original brackets omitted).

Based on the foregoing, we will proceed to the merits of Appellant's claims.

Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 8 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

Deference is accorded to the trial court's pronouncement of sentence because the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1278–1279 (Pa. Super. 2021) (internal citations, quotations, and brackets omitted). "The balancing of the Section 9721(b) sentencing factors is the sole province of a sentencing judge." *Commonwealth v. Lekka*, 210 A.3d 343, 353 (Pa. Super. 2019) (citation omitted). "Generally, our review of a sentence is limited in these circumstances to whether the sentencing court explicitly or implicitly considered the [S]ection 9721(b) factors, and we may not re-weigh the significance placed on each factor by the sentencing judge." *Commonwealth v. Williams*, 69 A.3d 735, 742 (Pa. Super. 2013) (citation omitted).

Initially, we reject Appellant's suggestion that deportation must be considered specifically when fashioning an individualized sentence. There is no legal authority to support that proposition. Instead, the trial court was required to consider all of the factors set forth in Section 9721(b), including the protection of the public. Moreover, there is no legal requirement that the sentencing court reevaluate the balancing of factors of Section 9721(b), or

that the sentencing matrices change mathematically, whenever a criminal defendant is subject to deportation. Here, upon review of the certified record, the deportation issue was squarely addressed by the parties and the trial court devoted substantial consideration to Appellant's claim during resentencing. At the resentencing hearing, the trial court recognized Appellant's remorse during allocution and that approximately 40 people were present to support Appellant. N.T., 11/26/2019, at 26-27 and 44. However, the trial court found that the "very brazen acts" of Appellant "absolutely terrorized the victims of the various crimes over a period of several months[.]" *Id.* at 44. In its subsequent opinion, the trial court emphasized that Appellant "and his accomplices robbed several establishments and individuals at gunpoint, and in several instances physically assaulted his victims." Trial Court Opinion, 4/23/2020, at 5. As such, the trial court believed that its sentence was necessary not only to protect the public, but also because of the gravity of the offenses and the effect on the victims and community. *Id.* at 3. Based upon our deferential standard of review, we may not reweigh the significance placed on each factor by the sentencing judge.

Moreover, as Appellant acknowledges, deportation is determined after parole.[4] When fashioning an individual sentence, the trial court is required to

---

[4] Appellant may also be paroled into "the custody of the United States Immigration and Customs Enforcement for deportation prior to the expiration of [his] minimum term of imprisonment" if he qualifies under 61 Pa.C.S.A. § 6143.

address the current need to protect the public at large[5] and should not consider imminent or prospective consequences that follow parole.

For all of the foregoing reasons, we discern the trial court did not abuse its discretion in balancing the three factors set forth in Section 9721(b) in imposing an individualized sentence. As such, there is no merit to Appellant's appellate sentencing claim.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2021

---

[5] Appellant's argument that the trial court should consider deportation as an alternative means of protecting the public baldly supposes that the term "public," as defined in Section 9721, refers only to people in the United States. Appellant does not cite any relevant authority in support, and we decline to read Section 9721 so narrowly.