**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN CARL EVANS | : | |
| | : | |
| Appellant | : | No. 1306 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 10, 2020
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0000718-2019,
CP-20-CR-0000719-2019

BEFORE:   STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: APRIL 30, 2021**

Appellant, Nathan Carl Evans, *pro se*, appeals from the judgment of sentence of 18 to 36 months of confinement followed by 60 months of probation, which was imposed after he pleaded guilty to:  flight to avoid apprehension, trial, or punishment; and retail theft.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  **See** Trial Court Opinion, dated December 22, 2020, at 1-2.  For the convenience of the reader, we note that, prior to committing the retail theft at issue in the instant matter, Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5126(a) and 3929(a)(1) ("takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise"), respectively.

had two prior convictions for retail theft. *Id.* at 2. On January 16, 2020, "Appellant entered negotiated pleas of guilty [to the aforementioned charges] before the Honorable Judge Mark D. Stevens." *Id.* at 1. During his guilty plea colloquy, the trial court asked Appellant, "And throughout the process you have been able to understand [trial counsel], and the case, and all that kind of stuff," and Appellant answered, "Yes." N.T., 1/16/2020, at 4. Appellant later stated, that trial counsel "has been effective in my case" and that "he has definitely done a lot for me[.]" *Id.* at 10, 12. The trial court also had the following exchange with Appellant:

[THE COURT:     A]re you satisfied with [trial counsel]'s representation?

[APPELLANT]:     Yes, Your Honor.

THE COURT:     Anything he has failed to do that you have asked him to do?

[APPELLANT]:     Nothing.

THE COURT:     Had enough time to talk to him about the case, at least to the extent that you're satisfied the pleas you're entering today are in your best interest?

[APPELLANT]:     Correct.

*Id.* at 17.

Appellant's retail theft charge was graded as a misdemeanor of the first degree. Order, 11/4/2020.

Sentencing "was set for May 29, 2020. However, Appellant failed to appear for sentencing and a bench warrant was issued. Once the bench warrant was served, Appellant was rescheduled to be sentenced on July 30,

2020[,]" Trial Court Opinion, dated December 22, 2020, at 1, at which time Appellant --

> was given an opportunity to litigate an oral Motion to Withdraw his guilty pleas . . . [Appellant] never filed a written motion to withdraw his guilty pleas setting forth his reasons therefore. Hence, the hearing began when [Appellant] was given an opportunity to present the basis for his oral Motion to Withdraw.

Order, 11/4/2020. The trial court denied Appellant's motion to withdraw and re-scheduled his sentencing.

At Appellant's sentencing hearing before the Honorable William R. Cunningham, the trial court stated the following:

> [Y]ou would have a right to take an appeal, a direct appeal to the Superior Court. And you take that appeal by filing what's called a notice of appeal with the Clerk of Courts Office. And that notice of appeal has to be filed within 30 days from the date that your post-trial motion was denied. . . . [I]f you don't file a post-trial motion within ten days from today's date, but you still want to file an appeal with the Superior Court, you have 30 days from today's date to do that.

N.T., 11/10/2020, at 14. Appellant did not object to or otherwise challenge his sentence at the sentencing hearing, *see id.* at 30, nor file any post-sentence motions.

On November 17, 2020, Appellant *pro se* filed this timely direct appeal, listing both of his criminal docket numbers.[2] Thereafter, this Court issued a rule to show cause why his appeal should not be quashed for failure to comply with Pennsylvania Rule of Appellate Procedure 341(a) and its note and our

---

[2] Appellant filed his statement of errors complained of on appeal on December 2, 2020. The trial court entered its opinion on December 22, 2020.

Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each lower court docket number). Appellant filed a timely response to the rule to show cause. In a *per curiam* order, this Court referred the **Walker** issue to the panel assigned to decide the merits of Appellant's appeal.

In considering this **Walker** issue, we find that the instant matter is analogous to **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), *reargument denied* (November 12, 2019), and **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*). In **Stansbury**, the appellant filed a single notice of appeal listing two cases' docket numbers. 219 A.3d at 159. However, the lower court advised the appellant that he could appeal by filing within thirty days "**a** written notice of appeal to the Superior Court." **Id.** (emphasis in original). The court also utilized the singular in advising him where to file "Said **notice** of appeal[.]" **Id.** (emphasis in original). This Court concluded that such misstatements as to the manner that the appellant could effectuate an appeal from the lower court's ordered amounted to a breakdown in court operations such that we could overlook the defective nature of his timely notice of appeal. **Id.** at 160.

In **Larkin**, the appellant likewise filed a single notice of appeal listing two criminal docket numbers after the trial court had entered an order informing him of his appellate rights that stated: "Petitioner has thirty (30) days from the date of this order to file **an** appeal." 235 A.3d at 352, 354 (emphasis in original). This Court concluded that it "may overlook the

requirements of *Walker* where, as here, a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." *Id.* at 354.

In the current appeal, the trial court likewise informed Appellant that he had --

> a right to take **an** appeal, **a** direct appeal . . . by filing what's called **a notice** of appeal with the Clerk of Courts Office. And **that notice** of appeal has to be filed within 30 days . . . if you still want to file **an** appeal with the Superior Court[.]

N.T., 11/10/2020, at 14 (emphasis added). Accordingly, in light of *Stansbury*, 219 A.3d at 159-60, and *Larkin*, 235 A.3d at 352, 354, we find that these misstatements as to the manner that Appellant could effectuate an appeal from his judgment of sentence, N.T., 11/10/2020, at 14, amounted to a breakdown in court operations such that we can overlook the defective nature of his timely notice of appeal. Consequently, we decline to quash this appeal and will review the merits of Appellant's claims.

Appellant presents the following issues for our review:

> [1.] Did the Appellant[']s attorney Mario Medina render ineffective assistance of counsel by failing to inquire into the chronological sequence of [Appellant']s prior convictions for retail theft before proposing this illegal plea agreement?
>
> [2.] Did Judge Stevens abuse his judicial discretion by pressuring the Appellant into taking a plea to crimes [when] the Appellant should have been presumed innocent until proven guilty?
>
> [3.] Did Judge Stevens abuse his judicial discretion by revoking Appellant[']s bail for missing a court hearing he was unsure of the exact date because the trial court fail[ed] to send 'certified mail' and failed to consider the seriousness of COVID-19?

[4.] Did Judge Cunningham fail to investigate and consider all facts presented by Appellant before November 10, 2020?

Appellant's Brief at 13 (suggested answers omitted).[3]

Preliminarily, we note that Appellant fails to divide his argument into as many parts as there are questions to be argued, in violation of Pa.R.A.P. 2119(a) ("argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). Hence, in Appellant's brief, it is difficult to distinguish which statements in the argument section of his brief apply to which of his claims.

We further observe that several of the challenges listed in Appellant's statement of questions involved are not included in the argument section of his brief. **Compare id. with id.** at 15-18. Nowhere in the argument section of his brief does Appellant contend that his counsel was ineffective, that he did not know the initial date of his sentencing hearing due to the court's failure to send notice by certified mail, or that the Coronavirus 2019 disease ("COVID-19") pandemic had any effect on his ability to appear for his sentencing hearing when it was originally scheduled. **Id.** at 15-18. Ergo, Appellant's first and third claims are waived for failure to develop them in the

---

[3] Appellant's brief is handwritten and, at times, illegible. We have done our best to discern what he has written throughout his brief, including in his statement of questions involved.

argument section of his brief. *See Kelly v. Carman Corp.*, 229 A.3d 634, 656 (Pa. Super. 2020) (citing Pa.R.A.P. 2119(a) (argument shall include citation of authorities); *Commonwealth v. Spotz*, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal)).[4]

In his second appellate issue, Appellant maintains that he was pressured into pleading guilty and that his plea hence was not knowing, intelligent, and voluntary. Appellant's Brief at 15. Appellant urges this Court to find that "[t]he trial court failed to conduct a valid colloquy, failed to demonstrate the constitutional validity of the plea on the record, and failed to apprise Appellant

---

[4] Assuming *arguendo* that Appellant had presented an argument about his ineffective assistance of counsel claim, we would still not reach said challenge, as ineffectiveness claims generally should be deferred to collateral review. *Commonwealth v. Holmes*, 79 A.3d 562, 567 (Pa. 2013); *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), *clarified on denial of reargument*, 821 A.2d 1246 (Pa. 2003).

of any of his constitutional rights." ***Id.*** Nevertheless, Appellant's argument is otherwise rambling and incoherent, making it difficult for this Court to determine the specifics of his argument; he does not clarify what the alleged deficiencies in his colloquy actually were. ***See id.*** The only intelligible argument is his assertion that the trial court "allowed" trial counsel to "abandon[] him." ***Id.*** at 18. Nonetheless, the issue of counsel's representation was addressed during Appellant's plea colloquy, belying Appellant's allegation that trial counsel abandoned him. N.T., 1/16/2020, at 4, 10, 12, 17. An appellant "is bound by the statements he makes in open court while under oath and he may not later . . . contradict the statements he made[.]" ***Commonwealth v. Hopkins***, 228 A.3d 577, 583 (Pa. Super. 2020). Thus, Appellant is bound by the statements he made in open court under oath confirming trial counsel's effectiveness and his satisfaction with this representation, N.T., 1/16/2020, at 4, 10, 12, 17, and he cannot now contradict those statements. ***Hopkins***, 228 A.3d at 583.

In his final claim, Appellant contends that his conviction for retail theft should have been graded as a misdemeanor of the second degree instead of a misdemeanor of the first degree. Appellant's Brief at 18.

"[A] claim that the court improperly graded an offense for sentencing purposes implicates the legality of sentence. A challenge to the legality of sentence is never waived[.] . . . Our standard of review is *de novo*, and the

scope of our review is plenary." ***Commonwealth v. Rivera***, 2021 PA Super 54, *31 (filed March 29, 2021) (citation omitted).

> Retail theft constitutes a:
>
>> (i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.
>>
>> (ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.
>>
>> (iii) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.
>>
>> (iv) **Felony of the third degree when the offense is a third or subsequent offense**, regardless of the value of the merchandise.
>>
>> (v) Felony of the third degree when the amount involved exceeds $1,000 or if the merchandise involved is a firearm or a motor vehicle.

18 Pa.C.S. § 3929(b)(1) (emphasis added).

As noted above, Appellant had two prior convictions for retail theft, a fact that Appellant concedes. Appellant's Brief at 17. According to 18 Pa.C.S. § 3929(b)(1)(iv), Appellant's instant retail theft conviction thereby should have been graded as a felony of the third degree, not a misdemeanor of any degree. Pursuant to Appellant's plea agreement, the Commonwealth agreed to grade his retail theft conviction as a misdemeanor, not a felony. Order, 11/4/2020, at 2. Therefore, not only is Appellant's claim not meritorious, but

he actually received a more lenient grading and sentence for this count than is warranted by the statute. 18 Pa.C.S. § 3929(b)(1)(iv).[5]

For the reasons given above, we conclude that Appellant's issues raised on appeal are waived or meritless, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2021

---

[5] To the extent that Appellant is also challenging the discretionary aspects of his sentence, we find that he waived any such claim. In order to preserve a challenge to the discretionary aspects of sentencing, an appellant must preserve the issue at sentencing or in a motion to reconsider and modify sentence, which Appellant did not do. *Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (citing Pa.R.Crim.P. 720); *see* N.T., 11/20/2020, at 30. Assuming the issue were not waived for this reason, we would note that it would also be waived due to Appellant's failure to invoke this Court's jurisdiction "by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code." *Manivannan*, 186 A.3d at 489; *see also* Pa.R.A.P. 2119(f).