J-S48006-19

2019 PA Super 274

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM J. STANSBURY | : | |
| | : | |
| Appellant | : | No. 303 EDA 2019 |

Appeal from the PCRA Order Entered January 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006484-2014,
CP-51-CR-0006485-2014

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.*

OPINION BY BOWES, J.:                    **FILED SEPTEMBER 05, 2019**

Kareem J. Stansbury appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

We relate a concise summary of the history of this case.  Appellant drove up to a home in Philadelphia and fired shots at two individuals sitting on the porch: Abdul Scott, his brother, and Rachel Ostrow, a resident of the building. Appellant  was charged with various crimes related to the incident at two separate docket numbers: one as to victim Scott (CP-51-CR-0006485-2014) and one as to victim Ostrow (CP-51-CR-0006484-2014).

The two cases proceeded to a consolidated trial, at which Appellant exercised his right to represent himself.  After a mistrial and a second trial, a jury convicted Appellant of two counts of attempted murder, two counts of aggravated assault, and other firearm-related crimes.   Appellant was sentenced to an aggregate term of thirty-five to seventy years of

_____
* Retired Senior Judge assigned to the Superior Court.

incarceration, followed by seven years of probation. Appellant's *pro se* direct appeal, involving both lower-court docket numbers, resulted in no relief. ***Commonwealth v. Stansbury***, 190 A.3d 719 (Pa.Super. 2018).

Appellant filed a timely *pro se* PCRA petition docketed in both cases. Therein, he raised two claims regarding evidence at his trial: (1) that the evidence was insufficient to establish his identity as the shooter, and (2) that the trial court abused its discretion in denying his motion *in limine* to exclude the 911 telephone call during which Appellant was identified as the shooter. PCRA Petition, 5/15/18, at ¶¶ 12-13. The PCRA court appointed counsel pursuant to Pa.R.Crim.P. 904(C).

Counsel filed a no-merit letter, captioned at both docket numbers, and requested to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Counsel indicated that the issues Appellant wished to raise could not afford relief because they were previously-litigated on direct appeal, and, further, that Appellant could not raise the claims under the guise of ineffective assistance of counsel because Appellant had represented himself. No-Merit Letter, 11/7/18, at unnumbered 2. In a single document including both case numbers, the PCRA court advised Appellant of his right to respond to counsel's letter *pro se* or with privately-retained counsel, and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Rule 907 Notice, 11/7/18. Appellant filed a *pro se* response, listing both

- 2 -

docket numbers, in which he indicated that he had desired to proceed *pro se* all along, contended that his issues are meritorious, and claimed that there were factual disputes that warranted a hearing. Objection to Rule 907 Notice, 11/16/18.

On January 4, 2019, the PCRA court entered a single order, at both criminal case docket numbers under one caption, dismissing Appellant's PCRA petition and granting counsel's request to withdraw. The order contained the following language pursuant to Pa.R.Crim.P. 907(4):[1] "[Appellant] is hereby advised that he has thirty days from this day, to file **a** written **notice** of appeal to the Superior Court. Said **notice** of appeal must be filed with the Clerk of Courts of Philadelphia County-Criminal Division. . . ." Order, 1/4/19 (emphases added). Appellant timely complied with the PCRA court's directions by filing a single notice of appeal listing both cases' docket numbers.

This Court issued a rule to show cause why the appeal should not be quashed pursuant to our Supreme Court's holding in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018). In that case, the High Court held that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues that involve

---

[1] Pa.R.Crim.P. 907(4) provides, in relevant part: "When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed."

more than one trial court docket will result in quashal of the appeal, as is the procedure indicated in the Note to Pa.R.A.P. 341. The **Walker** Court acknowledged that its decision "was contrary to decades of case law from this Court and the intermediate appellate courts[.]" **Walker**, **supra** at 974, 977. Hence, the Court held that its ruling applied only prospectively, and directed that the Rules be amended to comport with the **Walker** decision.[2] **Id**. at 977-78.

Appellant filed a response to the rule to show cause in which he indicated, *inter alia*, that the PCRA court "failed to advise the *pro se* Appellant of the defect and afford the Appellant an opportunity to correct the defect." Response to Rule to Show Cause, 2/25/19. As a result, the rule was discharged and the issue referred to the merits panel for consideration. Order, 6/18/19.

Hence, before we may delve into the substance of Appellant's appeal, we must determine whether **Walker** and its progeny mandate quashal. At the time Appellant requested the opportunity to correct the defect in his notice of appeal, time had expired for him to file timely, **Walker**-compliant notices of appeal. **See** Pa.R.A.P. 903(a) (providing notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). This Court generally has no authority to extend the time for filing a notice of

---

[2] As of the date of this decision, the Appellate Rules have yet to be amended.

- 4 -

appeal. **See** Pa.R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal . . . .").

Nonetheless, it has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule. **See**, **e.g.**, **Commonwealth v. Braykovich**, 664 A.2d 133, 136-38 (Pa.Super. 1995) (discussing cases and holding failure of clerk of courts to advise defendant that his post-sentence motion had been denied by operation of law excused late-filed appeal).

We have many times declined to quash an appeal when the defect resulted from an appellant's acting in accordance with misinformation relayed to him by the trial court. **See**, **e.g.**, **Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa.Super. 2016) (holding breakdown in court operation granted this Court jurisdiction over untimely appeal where trial court failed to correct counsel's misstatement about deadline for filing appeal and incorrectly provided that the appellant had an additional thirty days to appeal from order denying motion for reconsideration of sentenced imposed upon revocation of intermediate punishment); **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007) (compiling cases in which the "courts of this Commonwealth have held that a court breakdown occurred in instances where

the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him"); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa.Super. 2003) ("[W]e decline to quash this appeal because [the late appeal] resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation.") (internal quotation marks omitted); ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa.Super. 2001) (same).

In the case *sub judice*, the PCRA court advised Appellant that he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order. The court, still referring to its order that disposed of a PCRA petition pending at two separate docket numbers, again utilized the singular in advising Appellant where to file "Said **notice** of appeal[.]" Order, 1/4/19 (emphasis added). Hence, while ***Walker*** required that Appellant file separate notices of appeal at each docket number, the PCRA court informed Appellant that he could pursue appellate review by filing a single notice of appeal.

We conclude that such misstatements as to the manner that Appellant could effectuate an appeal from the PCRA court's order amount to a breakdown in court operations such that we may overlook the defective nature

of Appellant's timely notice of appeal rather than quash pursuant to **Walker**.[3]

Therefore, we shall proceed to address the substance of this appeal.

Appellant presents the following issues, which we have reordered for ease of consideration:

1. The trial court refused to hold an evidentiary hearing and denying Appellant's pre-trial motion *in limine* was unreasonable and allowed highly prejudicial and harmful evidence to be introduced against Appellant at his second trial. Thus, denying him a fair trial and resul[t]ing in a miscarriage of justice[.]

2. The Commonwealth presented insufficient evidence at Appellant[`]s trial to establish his identity as the shooter beyond a reasonable doubt thereby violating due process and resulting in a miscarriage of justice[.]

3. The PCRA court erred denying Appellant's PCRA petition without a[n] evidentiary hearing when the petition raised gen[uin]e issues of material facts[.]

Appellant's brief at 3 (unnecessary capitalization omitted).

---

[3] **Accord** Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate . . . ."); Pa.R.A.P. 751 (treating notice of appeal filed in the wrong court as properly filed on the original date once it is transferred to the correct court); **In re K.T.E.L.**, 983 A.2d 745, 747 (Pa.Super. 2009) ("[A]s there is no *per se* rule requiring quashal or dismissal of a defective notice of appeal, . . . the failure of an appellant in a children's fast track case to file contemporaneously a concise statement with the notice of appeal pursuant to rules 905(a)(2) and 1925(a)(2), will result in a defective notice of appeal. The disposition of the defective notice of appeal will then be decided on a case by case basis[.]"). **See also Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016) (discussing how *pro se* notices of appeal filed by represented appellants are effective, although other violations of the rule against hybrid representation are legal nullities, because a notice of appeal protects a constitutional right, and does not require legal knowledge and strategy).

We begin with the applicable law. "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Root***, 179 A.3d 511, 515-16 (Pa.Super. 2018) (internal quotation marks omitted). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's first two issues involve allegations of trial court error. The PCRA court dismissed these claims on the basis that "not only 'could' Appellant have raised those issues on direct appeal, he 'did' raise them." PCRA Court Opinion, 3/25/19, at 9.

To be eligible for PCRA relief, the petitioner must plead and prove, *inter alia*, that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*). Accordingly, the PCRA court did not err in dismissing Appellant's first two issues.

With the remaining issue Appellant presents to this Court, he contends that the PCRA court should not have dismissed his petition without holding an evidentiary hearing to resolve material issues of fact. Given that the record clearly established that the only claims raised in Appellant's petition were

direct appeal issues that were previously litigated and/or waived, we discern no error of law or abuse of discretion by the PCRA court in declining to hold a hearing. *See*, *e.g.*, *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) ("[T]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." (internal quotation marks omitted).

As Appellant has failed to convince this Court that the PCRA court erred and that relief is due, we affirm the order dismissing his petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/19