J-A03025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD CHARLES SCOTT | |
| Appellant | No. 387 MDA 2019 |

Appeal from the PCRA Order entered February 22, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at Nos:  CP-22-CR-0002223-1974,
CP-22-CR-0002224-1974

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                     **FILED MAY 05, 2020**

Appellant, Reginald Charles Scott, appeals *pro se* from the February 22, 2019 order entered in the Court of Common Pleas of Dauphin County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   Following review, we quash the appeal.

Appellant was convicted in 1975 of second-degree murder and robbery at Dauphin County Docket Nos. 1974-CR 2223 and 2224.  He did not appeal his judgment of sentence.   In the years that followed, he filed numerous unsuccessful PCRA and habeas petitions.  The instant appeal is from denial of his October 29, 2018 PCRA petition.  The PCRA court explained that Appellant's issues, "while devoid of merit, are also waived."  PCRA Court Statement in

Lieu of Opinion, 4/15/19, at 1. Moreover, the petition at issue "was untimely and [Appellant] has not proven any of the three exceptions to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(3)." *Id.* at n.1.

Although Appellant filed a timely notice of appeal from the February 22, 2019 order, he filed a single notice of appeal listing both Dauphin County docket numbers reflected above. In light of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), which prospectively requires separate notices of appeal from an order resolving issues arising on more than one trial court docket,[1] we issued a rule to show cause why the appeal should not be quashed for failing to comply with Pa.R.A.P. 341. Appellant filed a response, contending he was "not Appealing MULTIPLE APPEALABLE ORDERS, he is only Appealing one ORDER . . . Second Degree Murder and Robbery 2223-2224 1974, these are one in (*sic*) the same." Appellant's Response to Rule to Show Cause, 4/9/19, at 1. The Rule was discharged on April 15, 2019 and the matter referred to this merits panel for disposition. Order, 4/15/19, at 1.

Appellant's contention that he is appealing a single order does not alter the fact that separate notices of appeal are required when the order resolves issues arising on more than one docket. *See Walker*, 185 A.3d at 977. As

---

[1] *Walker* was decided on June 1, 2018. Therefore, the requirement for separate notices of appeal applies to the February 22, 2019 order at issue in this case.

our Supreme Court directed in **Walker**, the failure to file separate notices of appeal "will result in quashal of the appeal." **Id.** (footnote omitted).[2]

Appeal quashed.[3]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/05/2020

---

[2] We recognize that this Court declined to quash pursuant to **Walker** in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), in light of the PCRA court's advice to Appellant that he could appeal by filing "**a** notice of appeal" from the order disposing of a PCRA petition involving two separate docket numbers. **Id.** at 160 (emphasis in original). The court used the singular "notice" again when referring to "[s]aid **notice** of appeal." **Id.** (emphasis in original). In **Stansbury**, we determined that the PCRA court's misstatements amounted to a breakdown in court operations that could be overlooked, enabling this Court to consider the merits of the appeal rather than quash.

There is no similar misstatement involved in the February 22, 2019 order entered in the instant case. The PCRA court advised Appellant that he "has the right to appeal this decision to the Superior Court of Pennsylvania. This appeal must be taken within thirty (30) days of the date of this Order." Order, 2/22/19, at 1.

[3] Even if Appellant filed separate notices in this case, he would not be entitled to relief. The instant PCRA petition was filed more than twenty years after his judgment of sentence was final. Our review of the petition reveals that Appellant failed to plead or prove any exception to the PCRA's timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1). As such, neither the PCRA court nor this Court had jurisdiction to consider the merits, if any, of Appellant's petition.