J-E01013-20

2020 PA Super 200

| IN THE INT. OF: K.M.W., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.W.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1537 MDA 2019 |

Appeal from the Decree Entered August 23, 2019
In the Court of Common Pleas of Dauphin County Orphans' Court at
No(s): 13-AD-2019,
CP-22-DP-98-2016

BEFORE: PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J.,
NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and
McCAFFERY, J.

CONCURRING STATEMENT BY MURRAY, J.:          **FILED AUGUST 18, 2020**

I agree with the Majority that this case should not be quashed based on

***Walker***[1] and that the trial court did not abuse its discretion in terminating

Mother's parental rights and changing the goal from reunification to adoption.

However, I disagree with the Majority's reliance on this Court's decision in

***Larkin*** and ***Stansbury*** as its basis for an exception to the bright-line rule set

forth by our Supreme Court in ***Walker***.

In ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019),

this Court declined to quash under ***Walker*** due to a "breakdown in court

operations" – the breakdown being the PCRA court's statement to the

appellant that he could file a singular notice of appeal, rather than plural

_____

[1] ***See Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).

notices of appeal because the order contained multiple docket numbers. **Stansbury**, 219 A.3d at 159-60 ("we may overlook the defective nature of Appellant's timely notice of appeal rather than quash pursuant to **Walker**"); **see also Commonwealth v. Larkin**, __ A.3d __, 2020 WL 3869710, at *6 (Pa. Super. 2020) (*en banc*) (same). This Court has frequently cited and relied upon **Stansbury** because it affords appellants a reprieve from the "bright-line" rule of **Walker**, and a popular means for this Court to circumvent **Walker** when the trial judge advises a defendant of the right to file a notice of appeal rather than notices, when the order or judgment contains more than one docket number — resulting in a "breakdown in court operations."

Instead, I would base my decision not to quash Mother's appeal on the reasoning recited in **In re K.T.E.L.**, 983 A.2d 745 (Pa. Super. 2009), which I find much more persuasive than **Stansbury**. As the Majority points out, in **K.T.E.L.**, the appellant failed to file a concise statement of matters complained of on appeal contemporaneously with her notice of appeal as required by Pa.R.A.P. 905(a)(2) and 1925(a)(2), and thus rendered the appellant's notice of appeal procedurally defective. **See K.T.E.L.**, 983 A.2d at 747 (holding that an appellant's failure to file a simultaneous concise statement and notice of appeal violated Pa.R.A.P. 905(a)(2) and 1925(a)(2) and, as such, is defective). **K.T.E.L.**, however, declined to adopt a *per se* rule requiring automatic quashal or dismissal of children's fast track cases for such a failure. **Id.** Rather, we held that a disposition must be "decided on a case-by-case

basis" because Rules 905(a)(2) and 1925(a)(2) are "procedural, not jurisdictional." ***Id.***

Likewise, I view an appellant's non-compliance with Rule 341 to be a procedural, not jurisdictional, defect.  ***See also Walker***, 185 A.3d at 976 (describing Rule 341 as a "[p]rocedural rule," which "should be construed to give effect to all their provisions. . . .").  We are not divested of jurisdiction by non-compliance; failure to comply with Rule 341 results in a defective notice of appeal.  Further, because this is a children's fast track case, "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules. . . ."  ***K.T.E.L.***, 983 A.2d at 747.  Accordingly, I respectfully concur.