J-S13043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW PAUL LANTOSH III | : | |
| | : | |
| Appellant | : | No. 2101 EDA 2020 |

Appeal from the PCRA Order Entered September 17, 2020
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000053-2018,
CP-13-CR-0000054-2018


BEFORE:  OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED:  MAY 28, 2021**

Andrew Paul Lantosh III (Lantosh) appeals the order of the Court of

Common Pleas of Carbon County (PCRA court) denying his petition for post-

conviction relief.  **See** 42 Pa.C.S. §§ 9541-9546 (Post-Conviction Relief Act

(PCRA)).  In 2018, Lantosh pleaded guilty in two Carbon County cases to two

counts of criminal trespass and one count of driving with a suspended or

revoked license.  At sentencing, he was denied entry into the Carbon County

Drug Treatment Court (DTC).[1]  Lantosh now argues that he did not receive a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] DTC is an 18-month long program instituted in 2019.  It is a collaborative
effort between the numerous Carbon County entities to provide an alternative
track for criminal defendants suffering from addiction and mental health
issues.

chance to challenge the denial of his entry into DTC, that his trial counsel was ineffective in failing to dispute his DTC ineligibility, and that counsel was ineffective in failing to delay the sentencing, preventing him from receiving a concurrent sentence as to his then-pending cases in Lehigh County. Finding no merit in these claims, we affirm.

**I.**

On March 23, 2018, Lantosh entered a counseled plea in two cases in Carbon County (CP-13-CR-53-2018 and CP-13-CR-54-2018).[2] He pleaded guilty to two counts of criminal trespass (18 Pa.C.S. § 3503)(a)(1)(i)) and one count of driving with a suspended license (75 Pa.C.S. § 1543(b)(1)).

The sentencing was initially scheduled to take place on December 10, 2018. However, Lantosh's counsel sought to have sentencing deferred until March 1, 2019. Lantosh had a pending burglary case in Lehigh County, and counsel still needed to "check with Lehigh County [prosecutors]" about getting him admitted into DTC. It appears that unless the prosecutors in Lehigh County would agree to give Carbon County jurisdiction over the Lehigh County

---

[2] Lantosh's notice of appeal in the present case included both county court case numbers in its caption. While the notice might arguably not comport with Pa.R.A.P. 341 for the reasons outlined in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we find the notice to be sufficient. In numerous cases that are analogous to the facts of the instant appeal, any defect in Lantosh's notice would be attributable to a breakdown in court operations. ***See e.g., Commonwealth v. Larkin***, 235 A.3d 350, 352 (Pa. Super. 2020)(*en banc*); ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019).

case, Lantosh would be deemed ineligible for DTC.[3] The continuance of the sentence was granted.

Again, days before the scheduled sentencing, Lantosh sought another continuance as to the Carbon County cases. In the motion, counsel noted that the reason for the request was that Lantosh's application to DTC was still pending. This continuance was granted and the sentencing was moved to March 22, 2019.

For a third time, on March 22, 2019, defense counsel sought a continuance of the sentencing and it was granted. The reason listed for the delay was that defense counsel was still "working to make [Lantosh] eligible for drug court." The sentencing was moved to May 17, 2019, the day Lantosh was finally sentenced on his Carbon County cases.

Despite that the delays had been needed to clarify Lantosh's eligibility for DTC, his counsel was surprised when it was announced at the sentencing that he was not being admitted into the program. Nevertheless, Lantosh agreed to go forward with sentencing and he received an aggregate prison term of 9 to 36 months on the Carbon County charges. Lantosh did not file post-sentence motions or a direct appeal.

---

[3] Lantosh admitted that a requirement for entering DTC was residency within Carbon County, and that he resided just outside the boundaries of that jurisdiction, in Lehigh County.

As of the date of that sentencing on May 17, 2019, Lantosh was awaiting sentence on his Lehigh County case, having already entered a plea. This sentencing in Lehigh County was scheduled to take place ten days later, on May 27, 2019. Lantosh would go on to receive a prison term of 36 to 72 months in the Lehigh County case, consecutive to the sentence in Carbon County.

On November 4, 2019, Lantosh filed a *pro se* petition for post-conviction collateral relief, and after PCRA counsel was appointed, an amended petition was filed. He argued that his trial counsel in the Carbon County cases was ineffective and that his constitutional rights were violated because the sentencing went forward on May 17, 2019.

At the evidentiary hearing on June 9, 2020, on Lantosh's PCRA claims, he testified that he had thought he was being admitted into DTC when sentencing commenced on May 17, 2019, and that he had not been informed why he was found ineligible. Yet he decided to go forward with sentencing at that time rather than challenge his ineligibility because he did not know he had the right to do so.

He testified further that he thought his Lehigh County case was going to be transferred to Carbon County so that he could qualify for DTC and receive concurrent sentences on all his cases. Lantosh claimed that, had his Carbon County trial counsel requested another continuance of the sentencing, the cases could have been consolidated. Lantosh claimed he was advised by his

- 4 -

counsel in Lehigh County that he could not receive a concurrent sentence in Lehigh County on May 27, 2019, because the Carbon County sentencing had already concluded and the length of the term as to the Lehigh County counts exceeded the length of those imposed in Carbon County.

The PCRA court ruled that Lantosh was not entitled to PCRA relief because the record refuted the factual bases of his claims. That is, the PCRA court referred to the multiple continuances of his sentencing to infer that Lantosh, in fact, knew he was ineligible for DTC at the sentencing on May 17, 2019. The PCRA court also ruled that the claims failed because admittance into DTC is not a constitutionally protected right, as would be required to make the claim cognizable under the PCRA. Lantosh timely appealed the denial of his petition. In his appellate brief, he raises three issues:

> 1. Did the [PCRA] court err in failing to recognize that a violation of the Fourteenth Amendment occurred when [Lantosh] was not afforded due process of law with regard to the denial of his application for the Carbon County drug treatment court program and his ability to request reconsideration of such denial?
>
> 2. Did the [PCRA] court err by not concluding that former counsel for [Lantosh] was ineffective *per se* by failing to seek reconsideration of [Lantosh] being denied participation in the Carbon County drug treatment court program?
>
> 3. Did the [PCRA] court err in failing to conclude that former counsel for [Lantosh] to first be sentenced in Carbon County, as opposed to Lehigh County, and thereby removing the possibility of [Lantosh] being sentenced in a concurrent fashion between the counties?

Appellant's Brief, at 5 (suggested answers omitted).[4]

## II.

In Lantosh's first appellate claim, he asserts that his constitutional rights were violated because he had no opportunity to challenge the denial of his entry into DTC. He maintains that he was never informed of his ineligibility until sentencing on May 17, 2019, and that he was not able to seek reconsideration of that decision, depriving him of procedural due process.

The PCRA is the sole means of obtaining collateral relief in Pennsylvania. *See Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999); 42 Pa.C.S. § 9542. The scope of the PCRA is limited to situations where the petitioner is either innocent of a crime for which he is serving a sentence or the petitioner is serving an illegal sentence. *See id*. at § 9542. PCRA relief may be available where "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i).

Here, Lantosh asserts his constitutional claim pursuant to the above provision of the PCRA, Section 9543(a)(2)(i). Yet this provision only affords

---

[4] Our review is limited to examining whether the trial court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014).

relief when a constitutional violation undermines *the adjudication of guilt or innocence*, which is not now at issue because Lantosh has pleaded guilty to the crimes for which sentence was imposed. It follows then that Lantosh's claim is not cognizable under the PCRA because, regardless of whether he was given an opportunity to dispute his ineligibility for DTC, that determination had nothing to do with his underlying adjudication of guilt. Thus, the PCRA court did not err in denying this claim.

## III.

Lantosh next contends that his trial counsel was ineffective for not seeking reconsideration of his exclusion from DTC. He maintains that he was unaware of that decision until his sentencing on May 17, 2019, and that but for counsel's conduct, he would have been able to dispute his ineligibility and ultimately enter the program.

To prevail on a PCRA claim of ineffectiveness, a petitioner must establish by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for the disputed conduct; and (3) the petitioner has suffered prejudice as a result of counsel's deficient performance. **See Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012). Failure to satisfy any of these three prongs is fatal to the claim. **Id**.

Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, 57 A.3d 607, 613 (Pa. 2012) (quotation,

quotation marks and citation omitted). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" ***Commonwealth v. Collins****,* 957 A.2d 237, 244 (Pa. 2008).

We find that the PCRA court did not err in denying this claim because Lantosh has not satisfied the prejudice prong, and even if he could do so, the claim would not be cognizable under the PCRA. Lantosh's eligibility for DTC does not implicate his guilt or innocence; nor does it implicate the legality of his sentence. The claim, therefore, falls outside of the PCRA's scope.

Assuming that such a right was implicated, putting the claim within the ambit of the PCRA, Lantosh has still not carried his initial burden of showing by a preponderance of the evidence that he would have qualified for DTC had counsel delayed the sentencing that took place on May 17, 2019, or otherwise objected to the sentence. In fact, the record suggests that Lantosh did not satisfy the residency requirements for DTC and that the severity of his offense in Lehigh County also made him ineligible. Lantosh has not stated how counsel's action or inaction would have changed any of those circumstances. Thus, the PCRA court did not err in denying this ineffectiveness claim.

## IV.

Lantosh's final ground is that his trial counsel was ineffective in not seeking to delay the sentencing in Carbon County so that he would have a chance to receive a concurrent sentence in his Lehigh County case. As stated above, the initial burden is on Lantosh to show by a preponderance of the

evidence that counsel's deficient performance caused him prejudice. In this context, prejudice is defined as a reasonable likelihood that the outcome of the proceedings would have been different but for counsel's deficient conduct.

As with the previous claim, we focus here on the prejudice prong of ineffectiveness. Even if Lantosh can show that another continuance should have been requested, and that counsel had no reasonable basis for failing to do so, Lantosh would still have to demonstrate that he would have received more lenient (or concurrent) sentences in the Carbon County and Lehigh County cases had counsel performed differently.

However, Lantosh has not demonstrated a reasonable likelihood that concurrent sentences would have been imposed had a continuance been sought on May 17, 2019. There is no indication in the record that the Carbon County trial court would have granted another continuance after already granting three of them from the date Lantosh entered his plea. There is no indication in the record that the authorities in Lehigh County would have ever agreed to transfer the burglary case to Carbon County had a continuance been granted. Similarly, there is no record support for the contention that the trial court in Carbon County would have made the sentence on the Lehigh County case concurrent.

Simply losing the chance of a concurrent sentence is not enough to satisfy the prejudice prong of an ineffectiveness claim. The asserted prejudice

is speculative and the claim was properly denied.  Thus, for all the above stated reasons, the order on review must stand.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/21