J-S18032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
                  v.   :
  :
  :
STEVEN CARL DERK   :
  :
          Appellant   :   No. 49 MDA 2022

Appeal from the PCRA Order Entered November 24, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000153-1993,
CP-55-CR-0000306-1992

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:  **FILED: MARCH 13, 2023**

I respectfully concur. I do not believe our decision in ***Commonwealth v. Stansbury***, 219 A.3d 157 (Pa.Super. 2019) applies here. There, we refused to quash under ***Walker*** because "the PCRA court informed Appellant that he could pursue appellate review by filing a single notice of appeal." ***Id.*** at 160. We explained that "such **misstatements** as to the manner that [the a]ppellant could effectuate an appeal . . . amount to a breakdown in court operations such that we may overlook the defective nature of [the] timely notice of appeal rather than quash pursuant to ***Walker***." ***Id.*** (brackets in ***Stansbury***, emphasis added). No similar misstatement occurred here. The PCRA court did not mislead Derk. Rather, as the majority states, the PCRA court failed to advise Derk at all about his appeal rights. ***See*** Majority at 1 n.1; Order, 11/24/21. Nevertheless, I would not quash but rather allow Derk

to correct the error, as permitted by **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021).

Assuming that Derk would have fixed the mistake, I agree with the majority that the PCRA court properly dismissed the PCRA petition as untimely. Derk did not plead any timeliness exception in his PCRA petition, much less prove that one applied.