J-S14027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY D. STEHLEY, JR. | : | |
| | : | |
| Appellant | : | No. 556 WDA 2022 |

Appeal from the PCRA Order Entered March 31, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000200-2013,
CP-07-CR-0000465-2014

BEFORE: PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 22, 2023**

Appellant, Gary D. Stehley, Jr., appeals from the post-conviction court's March 31, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of this case, as follows:

> [Appellant] was convicted[, in two separate but consolidated cases,] of various sex offenses at a jury trial in September 201[5]. He was sentenced to [15-30] years' incarceration on December 4, 2015. The Superior Court of Pennsylvania affirmed the judgment of sentence in May of 2017[,] and the Supreme Court of Pennsylvania denied his petition for allowance of appeal. [***See Commonwealth v. Stehley***, 170 A.3d 1225 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 175 A.3d 982 (Pa. 2017).] Matthew Gieg, Esquire, represented [Appellant] at trial.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] filed a [timely,] *pro se* PCRA petition[,] and the court appointed Paul Puskar, Esquire, to represent [Appellant] during the PCRA process. [Attorney] Puskar was later relieved of his appointment[,] and Scott Pletcher, Esquire, was subsequently appointed to represent [Appellant]. [Attorney] Pletcher filed an amended PCRA petition alleging ineffective assistance of counsel at trial and requesting relief in the form of a new trial. [A h]earing on the PCRA [petition] was held [on] February 7, 2022. [Attorney] Gieg and [Appellant] were the only witnesses at the February 7th hearing. [Following the hearing, c]ounsel for the parties submitted legal memoranda outlining their positions….

[Appellant] raise[d] two issues that involve claims of ineffective assistance of counsel:

1) Trial counsel was ineffective for failing to prepare [Appellant] to testify at trial; and

2) Trial counsel was ineffective for failing to call character witnesses to testify on [Appellant's] behalf at trial.

PCRA Court Opinion and Order (PCOO), 3/31/22, at 1-2.

On March 31, 2022, the PCRA court issued an "Opinion and Order" denying Appellant's petition. On April 26, 2022, Appellant filed a timely, single notice of appeal from the PCRA court's order. His notice of appeal listed both trial court docket numbers in the caption in violation of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), and its requirement that separate notices of appeal must be filed for each trial court docket.[1] However, upon review of the March 31, 2022 "Opinion and Order," it does not appear that Appellant was provided his appellate rights, as the "Opinion and Order" makes no

_____

[1] We recognize that in ***Commonwealth Young***, 265 A.3d 462, 476 (Pa. 2021), our Supreme Court partially overruled ***Walker***, holding that the failure to file separate notices of appeal does not necessarily require quashal. Instead, it is within this Court's discretion to permit the appellant to correct a ***Walker*** error, where appropriate. ***Id.*** at 477.

- 2 -

mention of the right to appeal. *See* Pa.R.Crim.P. 908(E) (providing that, "[i]f the case is taken under advisement[,] … the judge … shall advise the defendant of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed").  Therefore, we find that the trial court's failure to specifically instruct Appellant that two separate appeals were required constitutes a breakdown in the operations of the court, which permits us to overlook Appellant's failure to comply with *Walker*.  *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) (finding that order language directing an appellant to file "an appeal," where the underlying order disposed of two separate dockets, constituted a breakdown in the court operations permitting the appeal to proceed despite a violation of *Walker*); *see also Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019) (finding that a violation of *Walker* did not require quashal where the PCRA court's use of the singular when advising the defendant of his appellate rights from a single order disposing of two separate dockets constituted a breakdown in court operations).

Appellant timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  In response, the court filed a letter indicating that it was relying on the rationale set forth in its "Opinion and Order" in lieu of a Rule 1925(a) opinion.  Herein, Appellant states one issue for our review: "Did the PCRA court abuse it's [*sic*] discretion when it denied … Appellant's petition for post-conviction collateral relief on the issue of ineffective assistance of counsel?"  Appellant's Brief at 5.

- 3 -

Appellant's single issue involves the following, two sub-claims: (1) trial counsel, Attorney Gieg, was ineffective for failing to adequately prepare Appellant to testify at trial, thus resulting in Appellant's deciding not to take the stand; and (2) Attorney Gieg was ineffective for failing to call character witnesses at trial. We will address each of these claims, in turn. Initially, however, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

*Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

Appellant first contends that Attorney Gieg was ineffective for not adequately preparing Appellant to testify at trial, which led Appellant to decide not to take the stand. Appellant avers that Attorney Gieg had no reasonable basis for not preparing him to testify when he had clearly conveyed his desire to testify to counsel. Although Attorney Gieg testified at the PCRA hearing that he did prepare Appellant to testify, Appellant insists that Attorney Gieg's testimony "does not seem to be specific enough to be believable." Appellant's Brief at 9. He also stresses that Attorney Gieg did not bring to the PCRA hearing "his trial preparation notes, or his client file" to support his claim that he prepared Appellant. *Id.*

Appellant's argument is unconvincing. Attorney Gieg testified at the PCRA hearing that he met with Appellant "on a regular basis." N.T. PCRA Hearing, 2/7/22, at 18. He also "reviewed all the discovery thoroughly [himself,] and reviewed it with [Appellant] … [as] a joint effort." *Id.* Regarding Appellant's decision to testify, Attorney Gieg acknowledged that Appellant "had indicated early on that he would like to testify…." *Id.* at 21. However, "[a]s [Attorney Gieg] received discovery and the case developed, it was [his] advice, and [Appellant] agreed, [that] there were too many restrictions and he would have been incredibly exposed in certain regards if certain doors had been opened[,] and [counsel] feared they would be[,] and [Appellant] agreed." *Id.* at 22. Counsel stated that, although he

recommended Appellant not testify because he believed "it would have done more harm than good[,]" counsel made sure that Appellant knew it was ultimately Appellant's choice whether to take the stand. *Id.* When Appellant made the decision not to testify, he made that choice on his own and he was "colloquied as per the law" on that decision. *Id.*

Based on Attorney Gieg's testimony, the PCRA court "determine[d] that [Attorney] Gieg did in fact prepare with [Appellant] to testify at trial, that [Attorney] Gieg had a reasonable basis for advising [Appellant] not to testify, and that the decision not to testify was [Appellant's]." PCOO at 3. The court elaborated:

> In reviewing the amended PCRA petition and the transcript of the PCRA hearing, it is clear that [Attorney] Gieg prepared diligently for trial. [Attorney] Gieg testified credibly at the PCRA hearing that his preparation for trial included regular client meetings; reviewing discovery with his client; discussion of strategy for trial; contacting the three potential character witnesses [Appellant] had mentioned during trial preparation; development of an alibi defense, which was stipulated to by the Commonwealth; and a discussion of the pros and cons of [Appellant's] decision whether or not to testify.
>
> At the PCRA hearing, [Attorney] Gieg testified that when they discussed [Appellant's] potential trial testimony during trial preparation, [Appellant] appeared to be unable to control himself in that he did not give "straightforward answers," but instead "veered into areas that concerned me" such as his "mantra" of being "hellbent" on the belief that the victim[-]children's grandmother had "brainwashed" them. N.T. PCRA Hearing … at 30-31. [Attorney] Gieg also feared [Appellant's] testimony would open the door on cross-examination to allow in evidence of other, unrelated criminal investigations involving [Appellant]. Based on these factors, [Attorney] Gieg believed [Appellant's] testimony would have been "catastrophic" to the case (*id.* at 30) and [he] advised [Appellant] against testifying. Ultimately, [Attorney] Gieg

testified[] it was [Appellant's] decision not to testify. [*Id.* at 22]. [Appellant] himself testified that [Attorney] Gieg had explained the risks he would face if he testified, and that it was his decision not to testify. *See id.* at 11.

[Appellant] [was] not prejudiced by his attorney's advice not to testify, and in fact, according to [Attorney] Gieg's analysis of the situation and what this [c]ourt heard at the PCRA hearing, he would have been prejudiced had he chosen to testify. [Attorney] Gieg is not ineffective.

PCOO at 3-4.

On appeal, Appellant essentially asks this Court to overturn the PCRA court's credibility determinations and accept his testimony that Attorney Gieg failed to prepare him to take the stand, thus causing Appellant to unwillingly waive his right to testify. We cannot do so. The record supports the PCRA court's factual findings and credibility determinations and, thus, we are bound by them. *Commonwealth v. Abu–Jamal*, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt."). Specifically, the PCRA court credited Attorney Gieg's testimony that, although he advised Appellant not to testify for various reasons, he had prepared Appellant to take the stand, and it was Appellant alone who ultimately made the decision not to testify. The court found that counsel expressed a reasonable basis for advising Appellant not to take the stand. We agree. Thus, no relief is due on Appellant's first ineffectiveness claim.

Next, Appellant contends that Attorney Gieg acted ineffectively by failing to call character witnesses on Appellant's behalf. Appellant claims that he

gave counsel a list of "eight or nine" individuals who could have testified as to his reputation in the community. Appellant's Brief at 9. He explains that three of those individuals were his "family members: his step-mother, his father, and his sister." *Id.* According to Appellant, "such character evidence could have possibly gone a long way to countering the damaging testimony from the alleged victims in this case." *Id.* at 10.

In rejecting Appellant's argument, the PCRA court reasoned as follows:

[Appellant's] next ineffectiveness claim involves counsel's alleged failure to call character witnesses. … [W]e believe this claim has arguable merit, but the testimony from the PCRA hearing does not comport with [Appellant's] allegations of ineffectiveness. In reviewing the available evidence, it appears that [Attorney] Gieg's supposed omission - his failure to call character witnesses - is a nullity under the relevant case law because the witnesses he contacted before trial were unwilling to testify, and [Appellant] did not produce the witnesses at the PCRA hearing or provide evidence to show who the witnesses were or what they would have testified to.

[Appellant] claims that he had numerous witnesses available to testify at trial about his character; however, this [c]ourt has not seen affidavits from these individuals as required by 42 Pa.C.S. § 9545(d)(1), nor did these individuals appear or testify at the PCRA hearing. In order to find an attorney ineffective for failing to call witnesses, the PCRA [Appellant] must prove 1) that the witness existed; 2) that the witness was available to testify for the defense; 3) that counsel knew of or should have known of the witness'[s] existence; 4) that the witness was willing to testify for the defense; and 5) that the absence of the witness was so prejudicial as to have caused an unfair trial. *See Commonwealth v.* [*Puksar*], 951 A.2d 267, 277 (Pa. 2008).

[Attorney] Gieg testified credibly that [Appellant] had provided him with the names of [Appellant's] father, step-mother, and sister who would testify as to his character, but that when [Attorney] Gieg contacted them, they were unwilling to testify. [Appellant's] statement that there were character witnesses

- 8 -

willing and able to testify on his behalf is contrary to what was gleaned from the hearing. The fact that no witnesses showed up at the PCRA hearing to tell the [c]ourt that they had been willing character witnesses at the time of trial is at odds with the [Appellant's] assertions that they would have been available and beneficial to his case. [Appellant's] testimony regarding the existence and importance of these purported character witnesses is lacking in credibility.

[Attorney] Gieg testified that when he contacted the potential character witnesses, they were unwilling to testify. These witnesses did not appear at the PCRA hearing, nor did they provide affidavits outlining their testimony and availability. Due to the supposed witness[es'] unwillingness to testify, the lack of affidavits, and their failure to appear at the PCRA hearing, it is impossible to find [Attorney] Gieg ineffective for failing to call them to testify at trial.

PCOO at 5-6.

Again, the record supports the PCRA court's determinations, and we agree with its decision that Appellant failed to demonstrate Attorney Gieg's ineffectiveness. While Appellant complains that "the PCRA [c]ourt abused its discretion in that it failed to address the fact that there were other witnesses that … Appellant desired to testify for him who were extremely credible," including his "former attorney and his pastor[,]" the court's opinion belies this claim. Appellant's Brief at 11. The court stressed that Appellant did not present affidavits for these witnesses or call them at the PCRA hearing to prove they had been willing and available to testify at his trial. Therefore, we discern no error in the PCRA court's conclusion that "[t]he testimony from the PCRA hearing clearly establishes that [Attorney] Gieg provided effective representation to [Appellant] throughout the trial process." PCOO at 6.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2023