J-S46021-24                    2025 PA Super 71

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        :           PENNSYLVANIA
                                                        :
                              v.                        :
                                                        :
                                                        :
MATTHEW DUANE ATCHESON                  :
                                                        :
                       Appellant         :           No. 178 WDA 2024

Appeal from the PCRA Order Entered January 2, 2024
In the Court of Common Pleas of Clarion County Criminal Division at
No(s): CP-16-CR-0000013-2019

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

OPINION BY BOWES, J.:                        **FILED: March 21, 2025**

Matthew Duane Atcheson appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

We glean the facts underlying Appellant's convictions from the PCRA court opinion and certified record. On October 27, 2018, Appellant and others were drinking at a bar called Desperados in New Bethlehem, Pennsylvania. After Appellant, intoxicated, spilled a drink on Damen Dubrock, the bartender informed Appellant that he was "shut off." PCRA Court Opinion, 1/2/24, at unnumbered 2. Appellant pounded on the bar top and yelled at the bartender, prompting Dubrock to tell Appellant to calm down. Dubrock and Appellant participated in a shoving match, and Appellant threatened "to fucking kill"

---

[1] The order was dated and filed on December 29, 2023, but was not served on the parties, and thereby entered, until January 2, 2024. **See** Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

Dubrock. **See** N.T. Trial, 12/17/19, at 105. Appellant's wife stepped in, and she and Appellant pushed and shoved each other before leaving the bar together. *Id*.

Not long thereafter, Appellant returned to Desperados asking about his mobile telephone, then left again after suggesting that Dubrock "step outside." *Id*. at 62. Dubrock did not follow. Appellant reentered the bar, he and Dubrock again "exchanged words," and this time Dubrock accepted his invitation "to engage in a physical alter[c]ation outside." PCRA Court Opinion, 1/2/24, at unnumbered 2. Appellant sustained visible bruises to his head during the ensuing fight with Dubrock.

While Dubrock returned to Desperados, Appellant went to see his wife at a neighboring bar. When she returned to Desperados wanting to know "who the fuck did that to her husband," Appellant followed her. **See** N.T. Trial, 12/17/19, at 108. Appellant proceeded to pull a knife from his pocket, slash Dubrock's neck, and flee. Appellant was apprehended and seen at a local hospital for contusions but was not diagnosed with any traumatic brain injury. Dubrock went to a local hospital before being transferred to Allegheny General Hospital in Pittsburgh for treatment, which included stitches on the inside of his throat, and ultimately made a full recovery but for a large scar.

Appellant was charged with attempted murder, two counts of aggravated assault, two counts of simple assault, and recklessly endangering another person ("REAP"). He proceeded to a jury trial at which he was

- 2 -

represented by Christopher Urbano ("trial counsel").[2]  The strategy was to establish self-defense and to create reasonable doubt about Appellant's intent by eliciting testimony from the various witnesses about Appellant's physical and mental condition after his outdoor fist fight with Dubrock.  ***See*** Appellant's brief at 16-17 (collecting quotations from the trial transcripts describing Appellant as disoriented, disheveled, dazed, in shock, confused, staggering, having trouble speaking and walking, suffering from head injuries, and not having his faculties about him).

Nonetheless, the jury convicted Appellant on all charges.  The trial court subsequently sentenced him to a term of twenty to forty years of confinement.  This Court affirmed the judgment of sentence, and Appellant did not seek review in our Supreme Court.  ***See Commonwealth v. Atcheson***, 253 A.3d 320, 2021 WL 1714231 (Pa.Super. 2021) (non-precedential decision).

Appellant filed a timely *pro se* PCRA petition.  The court appointed counsel, who filed an amended petition raising multiple claims of ineffective assistance of counsel.  In particular, Appellant alleged that trial counsel was ineffective in failing to pursue the defenses of diminished capacity and

---

[2] Upon multiple complaints of professional misconduct, Mr. Urbano was later suspended from the practice of law and was disbarred on consent by order of July 16, 2024.  Of note, as part of his unconditional resignation, he admitted to not paying for investigative services performed for Appellant's case and otherwise failing to account for the more than $20,000 tendered to him.  ***See*** Resignation, 6/28/24, at 36-46 of Exhibit A (available at https://www.pacourts.us/assets/opinions/DisciplinaryBoard/out/155DB2023-Urbano.pdf).

imperfect self-defense, and neglecting to otherwise adequately investigate and prepare a defense. The court granted Appellant's request for funds to retain an expert, and later held a PCRA hearing at which it heard testimony from that expert, James D. Petrick, Ph.D.; Richard Graham, a private investigator who had been retained by Appellant's trial counsel; and Appellant.

Dr. Petrick, a clinical neuropsychologist, testified that he reviewed witness statements, transcripts, photographs, and Appellant's medical records. He concluded to a reasonable degree of clinical certainty that Appellant most likely suffered a concussion, placing him in an "acute state of post[-]traumatic confusion" which "adversely affect[ed] his judgment and behavior."[3] N.T. PCRA Hearing, 9/15/23, at 7. Dr. Petrick indicated that he "would not be surprised" if Appellant "remained in a state of confusion for an indetermined amount of time." *Id*. at 8. He avowed that, had trial counsel retained him close in time to the incident, he could have made a more specific diagnosis. *Id*. at 16.

Mr. Graham testified that he suggested to trial counsel that he obtain Appellant's medical records to support the theory that a concussion or traumatic brain injury affected his judgment "when he went back in and used the knife," stating that "there was abundant evidence that would support that theory." *Id*. at 21. Mr. Graham did not present that evidence to trial counsel

---

[3] He also added "that alcohol certainly would not help his thinking." N.T. PCRA Hearing, 9/15/23, at 7.

"because he didn't request it[.]" *Id*. In the end, trial counsel did not utilize Appellant's medical records or proffer an expert to opine about his mental state.

The court took the matter under advisement and ultimately denied Appellant's petition. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents one question for our determination: "Whether the [PCRA] court erred in denying Appellant's PCRA petition relating to ineffective assistance of trial counsel for counsel's failure to fully investigate and prepare defenses?" Appellant's brief at 4 (unnecessary capitalization omitted).[4]

We begin with the applicable legal principles. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

_____

[4] Pertinent to our discussion, *infra*, Appellant's Rule 1925(b) statement also included a claim that the PCRA court erred in declining to find trial counsel ineffective for not advocating for voluntary manslaughter due to imperfect self-defense and "for failing to fully pursue diminished capacity" as a defense. **See** Rule 1925(b) Statement, 4/8/24, at ¶ 1. However, Appellant indicated in his brief that he elected to withdraw those issues after a "full review of the applicable law and circumstances of this particular case[.]" Appellant's brief at 4.

This Court has summarized the law governing Appellant's challenge to counsel's performance as follows:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). The claim fails if the defendant fails to sustain any prong of the test. *See*, *e.g.*, *Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018).

Appellant presents the following arguments as to each prong of the claim:

> Looking to the first prong of the test, Appellant has demonstrated arguable merit where the expert testimony at the PCRA [h]earing demonstrated a probability that Appellant was suffering the effects of a concussion at the time of the stabbing. That conclusion was made all those years after the events, without the benefit of a full examination, and with "scant" available medical records. The expert was clear that, had trial counsel retained a psychological expert at the outset of the case, more evidence would have been available for the defense.

Appellant's brief at 16.

Concerning counsel's strategy, Appellant contends that it was "painfully obvious that he was attempting to introduce Appellant's physical and mental condition that evening through lay witnesses." Appellant's brief at 17. He argues that, "[w]hile [t]rial counsel made every effort to demonstrate to the jurors that Appellant was suffering from head injuries that evening, attempting to either mitigate the *mens rea* or offer some form of defense, his efforts necessarily fail, as none of those witnesses w[as] qualified to offer an actual diagnosis." *Id*. at 18. As for prejudice, Appellant asserts: "Had there been actual testimony that there was a probability that Appellant was suffering the physical and psychological side effects of a concussion, jurors very well could have determined he was without the necessary mental state to be convicted of the offenses for which he was charged." *Id*. at 18-19.

Although Appellant has recast this ineffectiveness claim as one of a general failure to investigate and prepare a defense, from the above argument it is plain to this Court that his contention that trial counsel should have found an expert witness to testify that Appellant suffered a brain injury that negated his ability to form the *mes rea* required for the various crimes implicates the diminished capacity defense.

As this Court has stated: "To establish a diminished capacity defense, a defendant must prove that his, or her, cognitive abilities of deliberation and premeditation were so compromised, by mental defect or voluntary intoxication, that he, or she, was unable to formulate the specific intent to

kill." ***Commonwealth v. Yaw***, 305 A.3d 1068, 1078 (Pa.Super. 2023) (cleaned up). The defense is "available only to those defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill." ***Id***. (cleaned up). It "does not exculpate the defendant from criminal liability entirely, but instead negates the element of specific intent thereby mitigating first-degree murder to third-degree murder." ***Id***. (cleaned up).

Our Supreme Court has held that "[p]sychiatric testimony relevant to the cognitive functions of deliberation and premeditation is competent on the issue of specific intent to kill." ***Commonwealth v. Smyrnes***, 154 A.3d 741, 749 (Pa. 2017) (cleaned up). In other words, during a trial on charges of first-degree murder, "expert psychiatric testimony is relevant and admissible to show a defendant's inability to premeditate." ***Commonwealth v. Terry***, 521 A.2d 398, 404 (Pa. 1987).

However, diminished capacity is not a defense to attempted murder. ***See Commonwealth v. Constant***, 925 A.2d 810, 821 (Pa.Super. 2007) (holding evidence of diminished capacity due to voluntary intoxication was inadmissible in attempted murder case because there "is no such crime as attempted second or third[-]degree murder");[5] ***Commonwealth v. Avery***,

---

[5] The ***Constant*** decision was overruled on other grounds by ***Commonwealth v. Minnis***, 83 A.3d 1047 (Pa.Super. 2014) (*en banc*) (holding that a defendant who moves for a new trial does not waive the argument that double jeopardy bars the retrial).

277 A.3d 1132, 2022 WL 1073821, at *6 (Pa.Super. 2022) (non-precedential decision) ("Appellant was charged with attempted murder. Accordingly, the diminished capacity defense was not available to him. Trial counsel therefore could not be deemed to be ineffective for not pursuing a diminished capacity defense." (cleaned up)). Nor is diminished capacity "available as a defense for other 'specific intent' non-homicide offenses." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa.Super. 2007).

Here, Appellant was charged with and convicted of attempted murder, assault, and REAP. Consequently, expert testimony that an undiagnosed concussion, alone or combined with alcohol consumption, "adversely affect[ed] his judgment and behavior," N.T. PCRA Hearing, 9/15/23, at 7, would not have been admissible to negate or mitigate the *mens rea* elements of the charges he faced. Critically, Appellant has proffered no other legal basis for the propriety of the omitted expert testimony. Accordingly, we conclude that his claim lacks arguable merit and was properly denied by the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/21/2025