J-S36014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL DUKES | : | |
| | : | |
| Appellant | : | No. 78 WDA 2022 |

Appeal from the PCRA Order Entered December 23, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
Nos:  CP-02-CR-0009497-1975,
CP-02-CR-0009516-1975

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: FEBRUARY 24, 2023**

Appellant, Michael Dukes, appeals *pro se* from the December 23, 2021 order of the Court of Common Pleas of Allegheny County denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the background of the instant matter as follows.

> Appellant conspired with Robert Wideman and Cecil Rice to rob the victim[.]  To that end, Appellant and Wideman approached [the victim] on November 13, 1975, and asked him if he would be interested in purchasing some stolen televisions.  The following day, [the victim] was informed that the televisions would be delivered on November 15, 1975; arrangements were made to deliver the televisions to a car dealership owned by [the victim].

---

[*] Retired Senior Judge assigned to the Superior Court.

On the appointed day, [the victim] arrived at his dealership at 5:30 p.m. Ken and James Slaby, who were going to help him unload [the] televisions, were waiting from him there.

At approximately 7:00 p.m., Wideman came to the lot and spoke with [the victim]. Wideman then called a telephone number that was written on a matchbook cover. Ten minutes later, a U-Haul truck driven by Appellant entered the lot. Wideman opened the door and revealed Rice, who was pointing a gun at the Slabys and [the victim]. Rice ordered the three victims to throw down their money, and the victims complied. Wideman, who also displayed a gun, ordered the three men into the back of the truck.

Appellant, who had exited the truck and also was displaying a gun, pointed it at the three victims as they began to enter the back of the truck. Ken Slaby got into the truck, but as James was entering it, [the victim] suddenly began to run away. Appellant shot [the victim] in the back as he tried to escape.

The bullet lacerated [the victim]'s pulmonary artery, and paramedics transported him to St. Joseph's Hospital, which is located in the Southside section of Pittsburgh. Physicians at that hospital concluded that [the victim] needed thoracic surgery, but the hospital did not have a thoracic surgeon on staff. [The victim] was transported to Mercy Hospital, where he died.

Appellant and Wideman fled to Colorado, where they were apprehended in February 1976. On August 11, 1976, Appellant was found guilty by a jury of robbery and second degree murder. Appellant was sentenced to life imprisonment.

While Appellant did not file a direct appeal, his direct appeal rights were reinstated *nunc pro tunc* by order dated June 8, 1984, after the filing of a petition requesting the same. We affirmed on appeal. ***Commonwealth v. Dukes***, 520 A.2d 1212 (Pa. Super. 1986) (unpublished memorandum).

***Commonwealth v. Dukes***, 1500 WDA 2000, unpublished memorandum, at

*1-3 (Pa. Super. filed June 20, 2001).

Appellant eventually learned that the personal representative of the

victim's estate instituted a wrongful death action against the hospital's

- 2 -

paramedics and physicians, alleging that the victim's death had been caused by the negligence of medical personnel, and that the parties had settled the matter.

On January 13, 1997, Appellant filed a PCRA petition in which he argued, *inter alia*, that the settlement of the wrongful death action constituted after-discovered evidence that the cause of victim's death was negligence on the part of the emergency room physicians/paramedics, not a gunshot wound.

On July 12, 1999, the PCRA court denied Appellant's PCRA petition, noting that Appellant failed to prove he was entitled to relief on "after discovered evidence" grounds.[1] Specifically, the PCRA court addressed the claim as follows:

> [The PCRA court] finds that the facts surrounding the victim's treatment were available to petitioner and counsel at the time of trial and could have been subpoenaed and reviewed. The records would have revealed at the time of trial, or appeal, the action taken or not taken by the emergency room physicians. **With the facts of the victim's treatment available, [Appellant] has failed to establish the first prong of the after-discovered evidence test.**
>
> **Additionally**, the fact of the civil settlement between the emergency room doctors and the family of the victim was a public record in February of 1981. Further, issues about this case were reported in the Pittsburgh Post Gazette in July of 1983, including that a settlement had been entered into between the victim's

---

[1] To establish such a claim, a petitioner must prove that "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." **Commonwealth v. D'Amato**, 856 A.2d 806, 823 (Pa. 2004).

family and the emergency room physicians.  As local newspapers
are and were available to prisoners in the prison library or through
personal subscription, and [Appellant] admits his access to these
newspapers where he states that he learned of Judge McGregor's
ruling in co-defendant's case . . . from an article in the Post
Gazette, this court finds that [Appellant] could have learned of the
civil settlement in July of 1983, at the latest.

PCRA Court Opinion, 9/27/1999, at 5 (emphasis added).

Finally, the PCRA court noted that the after-discovered evidence

proffered here was "not of a nature that would compel a different result.  A

defendant is criminally liable for the foreseeable consequences of his criminal

actions."   PCRA Court Opinion, 9/27/1999, at 5.   The PCRA court continued

noting:

In this case, [Appellant] claims that the alleged negligence of
[victim]'s treating emergency room physicians was the cause of
his death.  However, [victim] would not have required medical
treatment at all if not for the hole in [victim]'s back and chest
caused by the gunshot, and the attendant internal damage and
bleeding.

PCRA Court Opinion, 9/27/1999, at 6.

On appeal from the July 12, 1999 order, Appellant argued that the

settlement of the civil case, which occurred after Appellant's trial, constituted

after-discovered evidence.  We disagreed, noting that the settlement after the

trial was irrelevant for purposes of the after-discovered test.  Specifically, we

stated:

All the information regarding [the victim]'s medical treatment was
available at the time of trial.  Appellant did not need to learn about
a settlement of a lawsuit in order to raise this defense at trial.
Thus, the first prong of the [after-discovered] test has not been
satisfied.

> Furthermore, the fourth prong of the [after-discovered] test is not satisfied. In a criminal homicide case, causation will be found even when the defendant's conduct is not the sole cause of the victim's death as long as the conduct was a direct and substantial factor in producing the death. A defendant cannot escape criminal liability merely due to foreseeable complications. If the defendant's action began an unbroken chain of events that led to death, a defendant is guilty of homicide.
>
> Herein, Appellant shot the victim in the back, and the bullet pierced his lung. The injury set into action the chain of the events that led to [victim]'s death. The facts that purported negligence of medical personnel may have also contributed to the death does not relieve Appellant from responsibility. Appellant's assertions fail to fulfill both the first and fourth prong of the after-discovered-evidence test.

*Commonwealth v. Dukes*, 1500 WDA 2000, unpublished memorandum, at *4-5 (Pa. Super. filed June 20, 2001) (internal citations omitted).

Our Supreme Court denied Appellant's petition for allowance of appeal on October 3, 2001. *See Commonwealth v. Dukes*, 567 Pa. 736 (Pa. 2001).

Appellant filed a PCRA petition on March 29, 2016. The PCRA court denied relief on August 23, 2016. Appellant appealed to our Court. Eventually, the appeal was dismissed for failure to file a brief. *See* Order, 4/20/17, in *Commonwealth v. Dukes*, 1301 WDA 2016 (Pa. Super. 2016).

On August 3, 2021, Appellant filed another PCRA petition, the one at issue here, titled "Habeas Corpus/PCRA Petition," in which he argued that he was entitled to a new trial "based on an 'after discovered fact' previously litigated/denied in a prior application pursuant to controlling case law that has since been overturned by new State Supreme Court precedent". Appellant's

Habeas Corpus/PCRA petition, 8/3/21, at 2, referring to **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

On December 23, 2021, the PCRA Court dismissed Appellant's *pro se* serial PCRA petition.  This appeal followed.

We preliminarily address a potential **Walker**[2] issue affecting the instant appeal.  Appellant filed a timely notice of appeal on January 10, 2022.  The notice, however, failed to comply with **Walker**, as Appellant filed a single notice of appeal listing two trial court docket numbers.  While a **Walker** violation may result in a quashal of appeal, there are exceptions to the rule.  In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), the appellant filed a single notice of appeal from a court order disposing of two separate dockets.  The court advised the appellant that he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order. The court, referring to its order that disposed of a PCRA petition pending at two separate docket numbers, utilized the singular in advising Appellant where to file "Said **notice** of appeal[.]"  We concluded that such misstatements as to the manner that the appellant could effectuate an appeal from the PCRA court's order amounted to a breakdown in court operations allowing us to overlook the defective nature of Appellant's timely notice of

---

[2] **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  In **Walker**, our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket.  The decision applies to all cases filed after June 1, 2018.

appeal. ***See also Commonwealth v. Larkin***, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming ***Stansbury***).

Here, the PCRA court's December 23, 2021 order dismissing Appellant's PCRA petition lists two trial court docket numbers and states, "Petitioner has thirty (30) days from the entry of this order to appeal to the Superior Court of Pennsylvania. The Petitioner may either appeal representing himself or retain private counsel." The defect in the court's instructions is akin to the defective language we found in the ***Stansbury*** and ***Larkin*** orders. The PCRA court advised Appellant that he could file a single notice of appeal, despite its order disposing of two trial court dockets. In light of the foregoing, we conclude these misstatements by the PCRA court constituted a breakdown in the court's operations thus allowing us to proceed with Appellant's instant appeal.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an

- 7 -

exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[3] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. (Frank) Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). If it is not timely, we cannot address the substantive claims raised in the petition. *Id.*

It is undisputed that the instant petition is facially untimely.[4] As such, we can entertain it only if Appellant pleads and proves the applicability of one the exceptions to the timeliness rule.

_____

[3] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

[4] Our Supreme Court denied Appellant's petition for allowance of appeal on July 13, 1987. Appellant, therefore, had 60 days from that date to file a petition for a writ of certiorari with the United States Supreme Court, under what was then U.S. Sup. Ct. R. 20.1. Because Appellant did not file a such a petition, his judgment of sentence became final on September 11, 1987. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from September 11, 1987,
*(Footnote Continued Next Page)*

The Commonwealth generously notes that while Appellant's brief is "somewhat" vague and opaque as to

> what exception he is attempting to invoke under the PCRA's time bar . . . it appears that the crux of [A]ppellant's time bar exception analysis is the Pennsylvania Supreme Court's 2020 decision in [*Small*] (abrogating the "public record presumption"), in conjunction with, information regarding the medical treatment of the victim[.] These arguments would possibly implicate the PCRA's "new facts" exception under Section 9545(b)(1)(ii) or the newly retroactive constitutional right exception under Section 9545(b)(1)(ii).

Commonwealth's Brief at 18.

Even if we construe Appellant's argument as generously as suggested above by the Commonwealth, we conclude that Appellant failed to prove the applicability of either the newly discovered facts[5] or the newly retroactive constitutional right exceptions.[6]

---

to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed on August 3, 2021, more than three decades from September 11, 1987. The instant petition is, therefore, facially untimely.

[5] The newly-discovered facts exception reads as follows: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii).

[6] The newly recognized right exceptions provides as follows: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

In **Small,** our Supreme Court overruled the "public record presumption" which precluded a petitioner from establishing the existence of new facts that would support collateral review of an underlying conviction. Citing **Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017), the Court held that the plain language of the newly discovered fact exception does not call for any assessment of whether the asserted facts appear in the public record. It merely requires that the "facts" upon which a petitioner's claim is predicated were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence." This language plainly calls for a circumstance-dependent analysis of the petitioner's knowledge, not that of the public at large. **Small** 238 A.3d at 1283. To the extent Appellant's argument can be construed as an attempt to prove the timeliness of his claim on newly discovered facts, Appellant's own argument does not support the newly discovered facts exception. Indeed, "all of his claims, are in fact, based on . . . evidence related to the treatment rendered to the victim after he was admittedly shot by [Appellant] during the course of the robbery." PCRA Court Opinion, at 6. We also noted in 2001, and reiterate again here, that "all information regarding [the victim]'s medical treatment was available at the time of trial." **Dukes**, 1500 WDA 2000, at *4. Thus, the information Appellant attempts now to proffer is more than 40 years old and cannot qualify as newly

discovered facts to establish a timeliness exception to the PCRA.[7] To the extent Appellant believes that *Small* itself constitutes a "fact" for purposes of the newly-discovered facts exception, our caselaw also does not support Appellant's argument, as "subsequent decisional law does not amount to a new "fact" under section 9545(b)(1)(ii) of the PCRA." ***See***, ***e.g.***, ***Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011).

Appellant's argument that *Small* is retroactively applicable to all cases, even those closed more than 20 years ago, likewise has no merit. Under the PCRA, a decision of our Supreme Court (or of the United States Supreme

_____

[7] To the extent Appellant argues that the settlement provided information not available at the time of trial, we previously noted, and reiterate here, that "Appellant did not need to learn about a settlement of a lawsuit in order to raise this defense at trial." ***Dukes***, 1500 WDA 2000, at *4.

Appellant also appears to mistakenly discount that in "a criminal homicide case, causation will be found even when the defendant's conduct is not the sole cause of the victim's death as long as the conduct was a direct a substantial factor in producing the death." ***Id.*** at *4-5.

> A defendant cannot escape criminal liability merely due to foreseeable complications. If the defendant's action began an unbroken chain of events that led to death, a defendant is guilty of homicide.
>
> Herein, Appellant shot the victim in the back, and the bullet pierced his lung. The injury set into action the chain of the events that led to [victim]'s death. The facts that purported negligence of medical personnel may have also contributed to the death does not relieve Appellant from responsibility.

***Id.*** at *5.

Court) can be applied retroactively only if our Supreme Court (or the U.S. Supreme Court) has recognized a new constitutional right and has held that such right is applicable retroactively. *Small*, however, did not introduce a new constitutional right, let alone one applicable retroactively.

Finally, we note that the question whether Appellant is entitled to PCRA relief based upon newly discovered facts, has been raised and addressed in a previous, unsuccessful PCRA petition. *See Commonwealth v. Dukes*, 1500 WDA 2000, unpublished memorandum (Pa. Super. filed June 20, 2001), *appeal denied*, *Commonwealth v. Dukes*, 567 Pa. 736 (Pa. 2001). Therefore, even if we could consider Appellant's petition timely, we could not entertain this claim as it has been previously litigated. *See Commonwealth v. Williams*, 732 A.2d 1167, 1183 (Pa. 1999) ("A petitioner is precluded from raising a claim on post-conviction review that was previously and finally litigated on direct appeal"); 42 Pa.C.S.A. § 9544(a)(2) (An issue has been previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue."). [8]

In light of the foregoing, we conclude that Appellant's appeal must be dismissed, as his petition was patently untimely.

---

[8] Appellant raises a plethora of issues, including due process violations and ineffective assistance of counsel, among others. In the absence of any credible claim that Appellant's PCRA petition qualifies now under either the newly discovered facts exception or the newly created constitutional rights exception, we need not address these other issues.

Order affirmed.[9]

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/24/2023

---

[9] While this appeal was pending, Appellant filed an application for correction of the record.  In light of our disposition, we deny the application as moot.