J-S03013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN D. GORDON | : | |
| | : | |
| Appellant | : | No. 2049 EDA 2022 |

Appeal from the PCRA Order Entered August 4, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002526-2018

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 28, 2023**

Brian D. Gordon appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. We affirm.

The trial court offered the following summary of the facts for Appellant's direct appeal:

> [D]uring the early morning hours of April 3, 2018, Mr. [Stephen] and Mrs. [Tiffani] Howard, their three children and Mrs. Howard's mother were inside their home located at 310 Crimson Court, Warrington Township, Bucks County. At approximately 3:00 a.m., Mr. Howard entered the garage through the door connecting the kitchen to the garage. At the time, he observed [Appellant] in Mrs. Howard's car. Upon being confronted by Mr. Howard, [Appellant] fled the garage, pursued by Mr. Howard. After a brief foot chase, during which Mr. Howard never lost sight of [Appellant], Mr. Howard tackled [Appellant] and a struggle ensued. When police arrived on scene, Mr. Howard was on top of [Appellant]. In the immediate vicinity, police found approximately $30 in loose change[ ] scattered on the street, a plastic bag, and dark-colored work gloves. After the police arrived, Mr. Howard returned to his home to find the center

> console of his wife's car open and approximately $4.00 in change missing from the door pocket of the vehicle.

Trial Court Opinion, 1/10/20, at 4 (citations omitted). Appellant was arrested and charged with burglary, criminal trespass, receiving stolen property ("RSP"), theft from a motor vehicle, disorderly conduct, and loitering and prowling at nighttime.

The police were summoned to the scene by the Howards' neighbor, Ernest Rehr. Mr. Rehr had awoken to his dog barking at the sound of Appellant and Mr. Howard scuffling near his home. N.T., 1/4/19, at 175-76. Mr. Rehr looked out the window, saw his vehicle's interior dome light was on, realized someone had been in his vehicle, and called the police. *Id*. at 176-77. After arresting Appellant, police learned that approximately $5 worth of coins had been taken from Mr. Rehr's vehicle. For this incident, Appellant was charged with theft from a motor vehicle, RSP, and loitering and prowling at nighttime.

On January 4, 2019, Appellant proceeded to a jury trial at which Mr. Howard and Mr. Rehr testified. Appellant testified in his own defense that he was in the area dropping off a co-worker, and heading to check on a disabled ex-coworker, when he stopped his car in the neighborhood to urinate. *See* N.T. 1/7/19, at 29-35. Appellant relieved himself in someone's yard and attempted to go back to his vehicle, when he heard someone yelling in his direction and was tackled to the ground. *Id*. at 31, 36. Appellant denied entering Mr. Howard's garage, Mr. Rehr's vehicle, and any connection to the $30 found on the ground nearby. *Id*. On January 7, 2019, the jury convicted Appellant of burglary, loitering and prowling at nighttime, criminal trespass,

theft from a motor vehicle, and RSP relative to his conduct towards Mr. fromHoward. The jury found Appellant not guilty of disorderly conduct with respect to Mr. Howard, and all charges related to Mr. Rehr's vehicle.

The trial court sentenced Appellant to four to ten years of imprisonment for the burglary followed by one year of probation for loitering and prowling at nighttime. No further penalty was imposed for the remaining convictions. Appellant filed a post-sentence motion challenging the weight of the evidence and requesting reconsideration of his sentence, which the trial court denied. A timely direct appeal followed. On August 17, 2020, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Gordon*, 240 A.3d 168 (Pa.Super. 2020) (non-precedential decision). Appellant sought *allocator* review in our Supreme Court, which was denied. *See Commonwealth v. Gordon*, 249 A.3d 497 (Pa. 2021).

On December 16, 2021, Appellant filed the timely counseled PCRA petition that is the subject of this appeal. In the petition, Appellant alleged that trial counsel was ineffective for failing to call witness Stanley Waclawski, a co-worker of Appellant's who would have corroborated Appellant's testimony that he was in the area that night because he had just dropped him off from work. Appellant included an affidavit from Mr. Waclawski stating that Appellant would routinely drive him home from work and did so on the night of Appellant's arrest. After the Commonwealth submitted its answer, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, indicating that Appellant had failed to establish

- 3 -

he was prejudiced by trial counsel's failure to call Mr. Waclawski as a witness. Appellant filed a response, asserting that there was sufficient prejudice because Mr. Waclawski offered "key" corroboration testimony that would have bolstered Appellant's credibility. *See* Answer to Notice of Intent to Dismiss, 6/20/22, at ¶¶ 9-14.

On August 4, 2022, the PCRA court denied the petition. A timely notice of appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issue for our review: "Did the trial court err in denying Appellant's PCRA [p]etition without a hearing." Appellant's brief at 4.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Commonwealth v. Diggs*, 220 A.3d 1112, 1116 (Pa.Super. 2019). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." *Id*. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Id*. "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up). A PCRA petitioner is not entitled to an evidentiary hearing. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). It is within

the PCRA court's discretion to decline to hold a hearing if there are no genuine issues of material fact in controversy. *Id*. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Id*.

Appellant's argument raises an allegation of trial counsel ineffectiveness. Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *See Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, a petitioner must plead and prove that: (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's act or omission lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any of the three prongs is fatal to the claim. *Id*. at 113.

Appellant contends that trial counsel was ineffective for failing to call Mr. Waclawski as a witness. *See* Appellant's brief at 12-15. When a PCRA petitioner claims counsel was ineffective for failing to call a witness at trial, the petitioner must prove:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa.Super. 2020) (citation omitted and formatting altered).

Appellant contends he was prejudiced by trial counsel's alleged ineffectiveness because "Mr. Waclawski's proffered testimony was critical as

it would have corroborated Appellant's testimony relating to his reason for being in the area that night." **See** Appellant's brief at 14. However, the PCRA court disagreed, concluding that Appellant was not entitled to a hearing or PCRA relief and explaining:

> [Appellant's] defense at trial was that, while he was in the Howards' **Warrington** neighborhood at the time the crime was committed, he was not the person who committed the crime but rather had merely stopped to urinate on the side of the road while on his way to check on a disabled ex-coworker. The proposed testimony that [Appellant] had driven the witness to **Warminster** prior to the incident is not material to the issue before the jury. The material issue is what he did or did not do while he was in the Howards' neighborhood. Given the weight of the evidence against [Appellant] regarding his commission of the crimes and the collateral nature of the proposed witness's testimony, [Appellant] cannot establish the necessary prejudice resulting from trial counsel's alleged omission. As a result, his claim of ineffective assistance of counsel cannot support his request for PCRA relief. Petitioner's PCRA petition was therefore denied and dismissed without a hearing.

**See** PCRA Court Opinion, 8/18/22, at 7 (emphasis in original). We agree with the PCRA court that Appellant has failed to establish that prejudice ensued from the absence of Mr. Waclawski's testimony at trial.

As stated above, Mr. Waclawski's testimony related to the undisputed fact that Appellant was in the area of Mr. Howard's home at the relevant time. However, Mr. Waclawski offered nothing to counter Mr. Howard's testimony identifying Appellant as the perpetrator based on his immediate pursuit and apprehension of Appellant. **See** N.T., 1/4/19, at 133, 135, 147. Thus, even if believed, Mr. Waclawski would not have assisted Appellant's defense that another person committed the crimes. Instead, it would have corroborated

the testimony of the Commonwealth witnesses and made it more likely that Appellant committed the underlying crimes.

Since Appellant has failed to persuade us that Mr. Waclawski's testimony, even if believed, would have changed the outcome, no relief is due. Accordingly, the PCRA court did not abuse its discretion in denying Appellant's petition without an evidentiary hearing. *See Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa.Super. 2019) (reiterating the well-established principle that a defendant seeking reversal of a PCRA court's decision to dismiss a petition without a hearing must show that "he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023